|    |     |
| -- | --- |
| 39 | 237 |
| 45 | 723 |
| 39 | 237 |
| 108 | 688 |

No. 9883.

CITY OF NEW ORLEANS VS. A. H. SCHOENHAUSEN.

The Supreme Court has no jurisdiction over a tax suit, in which a sum not exceeding $2000 is claimed, where the constitutionality or legality of the tax sued for is not put at issue, and where the question presented is one of *procedure* only.

If the amount sued for exceeded $2000, the court would, as in ordinary similar cases, in which money is claimed, have jurisdiction over the question of *procedure*.

APPEAL from the Civil District Court for the parish of Orleans. *Houston*, J.

*W. H. Rogers*, City Attorney, and *B. K. Miller*, Assistant City Attorney, for Plaintiff and Appellee.

*MacMahon & Pratt*, for Defendant and Appellant.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant appeals from a judgment condemning him to pay $1000 for a license, and, besides, certain penalties and costs of suit.

The defense was simply, that the proceeding by *rule* was not " due process of law," and a general denial.

He moved for a suspensive appeal, which the Court allowed on his furnishing a bond for $1500.

The motion to dismiss is based on the following grounds, viz:

That this Court has no jurisdiction over the matter; and,

That the appeal bond is insufficient in amount.

It is apparent that the issue presented does not involve the constitutionality or legality of the license tax claimed; but only the validity of the proceeding by *rule ;* in other words, a question of *procedure*.

It is only when an issue on the *constitutionality* or *legality* of a tax is presented, that this Court has jurisdiction, *regardless of amount*. If the sum in controversy here exceeded $2000, this Court would have jurisdiction, as it would of any ordinary case, in which a sum exceed-

ing that amount would be claimed, and it would pass on the question of *form.* Constitution, Art. 81; State vs. Brewer, 9 Ann. 64; Ib. 305; Ib. 350; Stubbs vs. McGuire, 32 Ann. 817; State vs. Tsni Ho, 37 Ann. 50; State ex rel. David vs. Judges, 37 Ann. 898, and cases there cited.

This view of the case dispenses us from passing on the sufficiency of the bond furnished for a suspensive appeal.

Appeal dismissed.