THOMPSON, J.
 

 The defendant was indicted for the crime of larceny of $600 in money. The indictment is in the form prescribed by article 235 of the Code of Criminal Procedure.
 

 After arraignment but before the day set for trial, the defendant called for a bill of particulars on the following three subjects: (1) As to whether the larceny was from the person or from the premises of the owner; (2) the identity of the premises, if the larceny was from the premises; and (3) the name of the owner or possessor of the money if stolen from the person.
 

 All of the facts requested were furnished by the district attorney in an answer filed some days before the day the case was set down for trial.
 

 
 *54
 
 On the day the case was to be tried, and before it was taken up, the defendant filed a motion to quash the indictment on the ground (1) that it failed to charge defendant with any crime or offense known to the laws of the state; and (2) that the indictment was vague and indefinite and failed to set out the necessary and material allegations required under the laws of this state to charge the offense attempted to be brought against the defendant.
 

 The motion was argued and submitted, but, before it was finally disposed of (the judge having expressed the opinion that the motion had merit), the district attorney offered to amend the indictment so as to meet the objections in the motion for a bill of particular's and in the motion to quash.
 

 The court refused to allow the amendment, and sustained the motion to quash, and discharged the accused.
 

 The state has appealed.
 

 The ruling of the court was based solely on the ground that the indictment did not give the name of the owner of the money charged to have been stolen, which omission, in the opinion of the court, was an essential allegation in an indictment for larceny, and was not a mere matter of defect of form which could be cured by amendment.
 

 The two grounds of the motion to quash may be regarded as one for the purpose of this discussion, since both involve the question as to whether the crime of larceny is sufficiently laid in the indictment.
 

 Prior to the adoption of the Code of Criminal Procedure, it was held that the ownership of a particular person was not an essential ingredient of the crime of larceny, which is simply the felonious taking and carrying away of the personal goods of another. State v. Hanks, 39 La. Ann. 237, 1 So.
 
 458.
 

 And again it was held that “the ownership in a particular person of the property stolen is not of the essence of the crime of larceny, though it is of the essence of it that it should be alleged and proven to have been the property of another than the accused.” State v. Harris, 42 La. Ann. 981, 8 So. 530 ; State v. Acebal, 110 La. 130, 34 So. 303.
 

 Until the adoption of the Criminal Code, Louisiana had no statutory form of indictment for larceny, but it was held necessary to allege all of the essential elements to constitute the crime at common law.
 

 The Code, however, has prescribed a form of indictment for larceny among other crimes, and it is not now necessary or essential to allege any of the elements of that crime as formerly required. It is sufficient to follow the prescribed form; that is, to charge that the person named stole certain property, describing the same and stating the value.
 

 The word “stole” as used in the statute was deemed by the compilers of Code, and the lawmakers in adopting the Code, to be sufficient to include in its legal significance the element of ownership in a person other than the accused as well as the felonious intent which the taking of the property of another without his consent implies.
 

 In the instant case, however, the defendant called for the name of the owner- of the money alleged to have been stolen and it was furnished to him.
 

 If, therefore, there was any defect in the indictment as originally returned and filed, that defect was cured at the request of the defendant himself.
 

 The indictment as amplified by the answer to the motion for a bill of particulars fully
 
 *56
 
 complied with the constitutional requirement that the accused shall have the right to be informed of the nature and the cause of the accusation against him.
 

 So holding, it is unnecessary to discuss the right of the district attorney to amend the indictment.
 

 The judgment is set aside, the motion to quash is overruled, and the case is remanded to the court below to be proceeded with aecording to law.