OVERTON, Justice.
 

 Defendant was indicted for having, on or about June 17, 1933, set fire to and burned a certain unoccupied dwelling house belonging to Ellis Dupont. His trial resulted in a verdict of guilty, three jurors voting not guilty.
 

 Before pleading to the indictment, defendant filed a motion for a bill of particulars, giving him the following information, to wit:
 

 (1) The law under which the indictment was returned and under which he is to be prosecuted; (2) whether or not the building which he is accused of having burned is completed or not, and, if not, to what degree of completion; and (3) the exact date and hour on which the crime was committed.
 

 The district attorney answered that the law under which the accused was to be prosecuted is Act No. 211 of 1928, § 1; that the building was partially completed, that is, the sides were walled in ■ and it was floored, but that there were no doors, no windows in place, no chimney, and no roof; and that the date and hour of the commission of the offense was June 17, 1933, at or near 11 o’clock a. m.
 

 The particulars, thus furnished, are deemed, in law, to'Constitute a part of the bill of indictment, and accordingly defendant filed a motion to quash the indictment on the ground that section 1 of the act, or any other part of it, does not define the offense charged as a violation of law. The motion was overruled, and a bill of exception was taken.
 

 Appropriate special charges were requested, describing or tending to describe a’ dwelling house, under the act, such as, “a building designed for a dwelling house, constructed in the usual manner, but not yet entirely finished and not yet occupied, is not a dwelling-house subject to arson.” These charges were-refused, and a bill was taken to the refusal, to give them.
 

 A motion in arrest' of judgment, based substantially upon the ground upon which the-motion to quash rests, was also filed and overruled and a bill of exception taken. A motion for a new trial was also filed.
 

 To dispose of the bill to the refusal to sustain the motion to quash will, in effect, dispose of the other bills mentioned. Therefore we shall take it up for consideration specially.
 

 Section 1 of Act No. 211 of 1928, under-which the prosecution was had, reads as follows:
 

 “Any person who wilfully or maliciously sets fire to or burns or causes to be burned.
 
 *1073
 
 or Who aids, counsels or procures the burning of any dwelling house, or any kitchen, shop, barn, stable or other out-house that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of arson, and upon conviction thereof, be imprisoned at hard labor for not less than two nor more than twenty years.”
 

 The remaining sections of the statute are not relied upon .by the state, and contain nothing that could be of service to it in this prosecution — in fact, the state has virtually abandoned the case.
 

 A building to constitute a dwelling house, within the intendment of the statute, must be complete, and not one, whicji, though designed for such a house, is in process of construction, and which, as a consequence, has not yet been occupied. The building in this case, which is alleged to be a dwelling house, being in course of construction at the time of its destruction, was obviously not such a house, and the indictment is therefore fatally defective. Davis v. State, 153 Ala. 48, 44 So. 1018, 127 Am. St. Rep. 17, 15 Ann. Cas. 547; State v. Huffman, 136 Mo. 58, 37 S. W. 797; 3 Words and Phrases, First Series, page 2295. The motion to quash should have been sustained.
 

 For these reasons, the verdict of the jury and the sentence of the court are set aside; the motion to quash is sustained, and defendant’s bond is canceled, and he is ordered discharged under the indictment.
 

 O’NIELL, C. J., absent.