ROGERS, Justice.
 

 Elson Smith was indicted for carnal knowledge and convicted of the offense charged. Prom his conviction and the sentence thereon, defendant has appealed.
 

 Alleging the discovery of new evidence, defendant has filed a motion to remand the case for the introduction thereof.
 

 Defendant alleges that in a bill of particulars, it was charged he committed the offense of which he was convicted on April 28, 1933; that at the time of the trial the prosecuting witness was pregnant, and that said pregnancy resulted in the birth of a child on January 13, 1934, as shown by the certificate of birth annexed to the motion, which certificate also discloses that the father of the child “is unknown.” That if the case is remanded he can prove his innocence by material witnesses, blood tests, and the admission of the prosecuting witness, herself, that defendant is not the father of her child, and is not guilty of the offense charged.
 

 Defendant’s motion to remand does not disclose the names of the newly discovered witnesses, the nature of their testimony, nor the source from which it is derived. The motion is supported merely by defendant’s own affidavit. It is not corroborated by the affidavits of any proposed new witnesses, and the failure to furnish such affidavits is not explained nor accounted for.
 

 The allegation in the motion relative to blood tests is only conjectural, and the averment that the prosecuting witness had admitted defendant was not the father of her child and was not guilty of the offense charged is merely based on rumor. There is nothing to
 
 *617
 
 show that the prosecutrix, if called upon to do so, would verify it by her oath.
 

 No authority is conferred by law upon this court to hear evidence in appealed cases, and in criminal cases the jurisdiction of the court is confined to questions of law alone. Const, art. 7, § 10. If the court could exceed the limit thus imposed upon its jurisdiction, and should entertain an application to remand a criminal ease on the ground of newly discovered evidence or on the suggestion that a witness upon whose testimony a conviction was based has repudiated, or desires to repudiate, sue? testimony, it would establish a precedent which, if followed, would lead to far-reaching consequences and most seriously interfere with the proper administration of criminal justice. The newly discovered evidence relied upon by defendant for his exoneration from the offense charged can be placed before the Board of Pardons and the Governor, who are vested with authority and provided with facilities for inquiring into and acting upon such matters, which this court is not equipped to do. State v. Guagliardo, 146 Ga. 949, 84 So. 216. The motion to remand is denied.
 

 The record contains eight bills of exception, which we shall dispose of in their numerical order.
 

 Bills Nos. 1 and 2 may be considered together. They were reserved to the overruling by the trial judge of two motions for a continuance, on the ground that Willihm O. Pegues, Sr., who had been employed by defendant as his attorney, was sick and unable to appear and represent defendant at his trial; and oh the further ground that William C. Pegues, Jr., although he had attended to certain incidental matters pertaining to the defense because of the illness of his father, had not been employed to represent defendant, and had not had time- to prepare the defense.
 

 The bill of indictment was returned on September 7, 1933. On September 11, 1933, defendant, through his counsel William C. Pegues, Sr., waived arraignment and pleaded not guilty. The case was then set for trial for September 19, 1933. On September 15, 1933, defendant appeared through his counsel Pegues & Pegues and filed a motion for a bill of ¡particulars. This motion was prepared and argued by William G. Pogues, Jr. The trial judge ordered the state to answer the motion on September 16, 1933, which order was complied with. William O. Pegues, Jr., also summoned defendant’s witnesses to attend the trial on September 19,1933, having previously discussed the case with the witnesses.
 

 When the case was called for trial on September 19, 1933, defendant filed his first motion for a continuance. After testimony was taken and the motion argued, the trial judge held that William C. Pegues, Jr., was associate counsel of record, and overruled the motion. The case was reassigned for trial for September 21, 1933. When the case was called pursuant to its reassignment, defendant filed his second motion for a continuance, which motion was based substantially on the grounds alleged in defendant’s previous motion and on the further ground of the absence of one of defendant’s witnesses. The trial judge overruled the motion, ordered an attachment issued for the absent witness to be brought into court the following day,
 
 *619
 
 September 22,1933, and continued the case to that day. On September 22, 1933, the court overruled the motion for a continuance on the ground of an absent witness, the witness having appeared in court; and the case was called and partially tried. On September 23, 1933, the trial was resumed and completed, resulting in defendant’s conviction.
 

 The statements per curiam, attached to the bills, show the trial judge was of the opinion . that William O. Pegues, Jr., was associate counsel in the case. The trial judge points, out that William O. Pegues, Jr.,'appeared as counsel in the case as early as September 15, 1933, when he argued the motion for a bill of particulars which he had prepared; that he had discussed the case with the witnesses prior to that time and was present when a portion of the fee was paid. The trial judge states it was his opinion that .William O. Pegues, Jr., had given the case proper áttention looking to its trial, and that the motion •for a continuance was made merely for the purpose of delay, but, in order to accommodate counsel, he continued the case to September 21, 1933, to give counsel further time to prepare for the trial. That the case was not Actually taken up until September 22, 1933, when all the witnesses were present, and that the defendant was ably represented by his counsel.
 

 All defendant’s witnesses were present, and the only- suggestion that defendant suffered in any way is that the time was too short for his counsel to adequately prepare his defense.
 

 The rule is that continuances are largely within the discretion of the trial court, and we find nothing in the record to indicate any abuse of that discretion. State v. Murry, 136 La. 255, 66 So. 963; State v. Jack, 139 La. 885, 72 So. 429; State v. Eaton, 144 La. 582, 80 So. 884.
 

 Bill No. 3. This bill was reserved to the overruling of a motion to quash. The indictment charged defendant with committing the crime on April 10, 1933. The bill of particulars set forth that the crime was committed on April 28, 1933, between 9 and 9:30 o’clock p. m., on the Lake road, near Mansfield, in De Soto parish, La.
 

 Defendant has not submitted any argument in support of the bill. The effect of the bill of particulars was to amend the indictment so as to fix April
 
 28,
 
 1983, as the exact date on which the crime was committed, thereby restricting the proof to that date. Article 234 of the Code of Criminal Procedure provides that no indictment shall be held insufficient “for omitting to state the time at which an offense was.committed where time is not of the essence of the offense, nor for stating the time imperfectly * *
 

 Bill No. 4 was submitted on its face, and we find no merit in it. The bill was reserved to the action of the trial judge in excusing a juror against whom a charge for committing a misdemeanor was pending in the parish of Sabine. Article 172 of the Code of Criminal Procedure provides that a person “charged with any offense” is not a qualified juror. The prospective juror w,as discharged before the trial began, and there is nothing to show that the defendant was prejudiced thereby or that he was forced to accept an incompetent juror.
 

 
 *621
 
 Bill No. 5. This bill was taken, to
 
 the
 
 overruling of a motion for a continuance on tbe ground of the absence of a material witness. The witness appeared and testified. Hence, defendant has abandoned the bill.
 

 Bill No. 6. The original indictment charged that the offense was committed “on or about the 10th day of April,” 1933. In accordance with the state’s answer to the motion for a bill of particulars the date was changed from April 10,1933, to April 28,1933; a pencil notation being made to indicate the change. The clerk of court in reading the indictment to the jury stated the offense was committed “on or about April 28th, 1933.” Defendant, through his counsel, “objected to the form of and the actual presentation of said bill of indictment as so presented,” for the reason that since the indictment as amended specifically showed the offense was committed on April 28, 1933, it was improper for the clerk to present to the jury an indictment “reading on or about the 28th day of April.”
 

 The statement per curiam attached to the bill shows that the court instructed the jury (hat April 28, 1933, was the date charged in the indictment, and that to find the defendant guilty of the offense they must be convinced that that was the date on which the offense was committed. The court also informed the jury the defendant had filed a motion for a bill of particulars, asking for the specific date on which the offense was committed and under what circumstances, and that the state had answered the motion, stating the crime was committed on the Lake road on April 28, '1933, between 9 and 9:30 o’clock p. m.
 

 While it is stated in the brief filed on behalf of the defendant that the bill is a serious one, no serious argument is made in support of the bill. For our own part, we think it is untenable. The information furnished by the state in response to the motion for a bill of particulars is what defendant had requested, and we fail to see how he can complain after he had been informed of the exact date, circumstance, and place, particularly in view of the trial judge’s instructions to the jury.
 

 Bill No. 7. This bill was reserved at the request of the trial judge addressed to the" fathers and mothers of the community not to permit their sons and daughters under fifteen years of age to attend the trial. The request was made before the trial had commenced.
 

 In view of the character of the charge and the nature of the evidence to be offered in its support, we think it was not only proper, but also highly commendable for the trial judge in tlfe interest of public morals and public decency to exclude from the trial all persons of immature years. There is nothing in the record to show that the defendant was deprived of his constitutional right to a public trial. State v. Croak, 167 La. 92, 118 So. 703.
 

 Bill No. 8. This bill is not argued by defendant. The bill was reserved to the refusal of the trial judge to specially charge the jury that in order to convict the defendant they must find the case presented by the state came within the facts alleged in the indictment as amended by the answer to the motion for a bill of particulars.
 

 The court charged the jury that in order to convict the defendant they must be satisfied the offense was committed on April 28, 1933,
 
 *623
 
 the date alleged, and that it was committed in De Soto parish, La., and by the defendant. We think the charge as given by the trial judge was sufficient.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.
 

 ST. PAUL, X, absent.