**87 So.2d 727**

**STATE of Louisiana**

**v.**

**Everett McQUEEN.**

**No. 42417.**

Dec. 12, 1955.

Rehearing Denied May 7, 1956.

---

Vincent Hazleton, Alexandria, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Ben F. Thompson, Dist. Atty., A. M. D'Angelo, Asst. Dist. Atty., Edwin O. Ware, Asst. Dist. Atty., Alexandria, for appellee.

MOISE, Justice.

E. R. McQueen appeals from a judgment of conviction and sentence—

(a)  To pay a fine of $350 and cost, and in default thereof to serve six months in the parish jail;

(b)  In addition thereto, to serve six months in the parish jail.

Innumerable bills of exception were perfected during the trial. In our opinion, bill of exception #2 is decisive of the issue in this case. It was taken to the trial court's overruling the motion to quash a defective information charging—

"that Everett R. McQueen on or about the 22nd day of July A.D., 1954, in the Parish, District and State aforesaid * * * did wilfully, maliciously and feloniously commit gambling as denounced by Louisiana Revised Statutes, Title 14, Sec. 90."

In Section 90 of Title 14 of the LSA-Revised Statutes, gambling is defined as the intentional conducting, or directly assisting in the conducting, as a business, of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit.

The above information has not been amended by the district attorney, although he has filed an answer to a bill of particulars. The accused asserts that such answer forms no part of the information, nor does it amend the information charging the crime, and that its sole purpose is to restrict the State's proof. Appellant urges that this bill of information is fatally defective for the cause and reason herein set forth and moves that the same be quashed, annulled and set aside for the following reasons:

"1.  That the bill of information does not charge particularly whether

the accused was intentionally conducting or whether he was directly assisting in the conducting of any game, contest or contrivance.

"2. That the bill of information does not name or define any particular game, contest, lottery or contrivance, as set forth in the statute, of which defendant is accused of conducting.

"3. That it does not name any person who risked the loss of anything of value in order to realize a profit.

"4. That it does not specifically name anything of value which might have been risked.

"5. That it does not name 'what profit was sought to be realized.'

"6. That the bill of information is fatally defective in that it fails to inform the accused of the nature and cause of the accusation against him as required by Section 10 of Article I of the Constitution of Louisiana of the year 1921.

"7. That the bill of information merely states a conclusion of law, without detailing the facts and circumstances upon which the conclusion is based, contrary to the mandatory provisions of law and the constitution of Louisiana and particularly Article 227 of the Code of Criminal Procedure of Louisiana [LSA–R.S. 15:227] and Section 10, Article I of the Constitution of Louisiana for the year 1921.

"8. That said bill of information does not set out any offense as denounced by any law of the State of Louisiana but merely sets out a conclusion of law.

"9. That said bill of information does not set out the time, place and manner or device or contrivance in which it is claimed that the alleged offense was committed.

"10. That said bill of information is too vague and indefinite to permit the mover to prepare his defense to the alleged offenses therein charged against him.

"11. That the offenses charged are so vague and indefinite that it is not sufficient to inform the court of the offense charged so that the court may properly regulate evidence sought to be introduced.

"12. That said bill of information is so vague and indefinite it is not sufficient on its face to sustain a plea of former jeopardy in an attempt to try the defendant more than once for the same offense.

"13. That the information in the case at bar does not allege a single fact or circumstance upon which the offense is based and there is nothing in it from which the accused can tell definitely, or even guess, what acts he is charged with having done."

In overruling the motion to quash, the trial judge stated that he was governed by the pronouncement of this Court in the case of State v. Davis, 208 La. 954, 23 So.2d 801, 802. The information in that case reads:

"* * * defendant, J. L. Davis, on or about the 2d day of August, 1944, in the named parish, 'did commit the crime of gambling as defined by Article 90 of the Louisiana Criminal Code.'"

■ In the present case the State contends that the information, if defective, was cured by the answer filed by the district attorney pursuant to defendant's motion for a bill of particulars. This, we believe, is an erroneous assumption. On November 7, 1955, Justice Simon, as organ of the Court in the case of State of Louisiana v. Dabbs, 228 La. 960, 84 So.2d 601, 602, stated:

"Irrespective of what may be contained or set forth in the bill of particulars relied on by the defendant to support his contention presented by these bills, we are not concerned therewith. * * * There can be no prosecution on a bill of particulars. Nor can the contents of a bill of particulars, whatsoever is set forth therein, alter, change, amend or affect the bill of information. A bill of particulars can neither create a defect in a bill of information nor remedy a defective one. * * *"

■ The answer to a bill of particulars cannot alter nor change a faulty information, and it is inconceivable to even think that the defendant could prepare his defense under the present information that he "did wilfully, maliciously and feloniously commit gambling as denounced by Louisiana Revised Statutes, Title 14, sec. 90."

The proviso relied on by the State reads:

"* * * that in all cases of crimes included in the Criminal Code but not covered by the short forms hereinbefore set forth, it shall be sufficient to charge the defendant by using the name and article number of the offense committed." LSA-R.S. 15:235.

■ The crime of gambling has been omitted in the enumerations made in the statute, and this omission constitutes a presumption in law. The old legal maxim, "Expressio unius est exclusio alterius—the express mention of one thing implies the exclusion of another", is applicable here.

The Constitution ordains, in Article 19, § 8, LSA, that gambling is a vice and that the Legislature shall pass laws to suppress it. That article is not self-operative. It takes an enabling act to bring about the suppression of gambling. The Legislature passed laws suppressing various forms of gambling, and the enumerations are so numerous that we tire in the repetition thereof.

■ In this case the information is based on conclusions of law, which are le-

gal abstractions affording no protection. The United States Supreme Court has spoken and provided a test in such instances. It stated that the test is not whether it (the information) could have been more definite or certain, *but whether the information contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet*, and, in case any other proceedings are taken against him for a similar offense, *whether the record shows with accuracy to what extent he may plead a former acquittal or conviction*. See, Cochran and Sayre v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704; Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, 435, 480, 40 L.Ed. 606. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861.

Then again, in Bartell v. United States, 227 U.S. 427, 33 S.Ct. 383, 384, 57 L.Ed. 583, the Supreme Court said:

"It is elementary that an indictment, in order to be good under the Federal Constitution and laws, shall advise the accused of the nature and cause of the accusation against him, in order that he may meet the accusation and prepare for his trial, and that, after judgment, he may be able to plead the record and judgment in bar of further prosecution for the same offense."

See, United States v. Debrow (United States v. Wilkinson, United States v. Brashier, United States v. Rogers, United States v. Jackson), 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92.

Fundamentally, courts should be for the man, his life, his liberty and his property. The only sure and safe guard for the courts is a strict adherence to the constitutional provisions of law. The habit of mind which consents to the perpetuation of a mistake when some temporary good in a prosecution may be accomplished should be avoided. It is against such inadvertent mistakes that our courts and the people should indulge all of their jealousies and exhaust all of their precautions.

In State v. Varnado, 208 La. 319, 23 So. 2d 106, 124, our own Court expressed a contrary view to that expressed in the Davis case, supra. The information in that case was—

"That Varnado and Blackwell, on July 8, 1944, did intentionally conduct and directly assist in the conducting, as a business, of a game, contest and contrivance whereby a person risked money and things of value in order to realize a profit, contrary to the form of the statutes of the State of Louisiana, in such cases made and provided * * *."

In setting aside a conviction and sentence and sustaining a motion to quash in that case, this Court stated:

"The information in the case at bar does not allege a single fact or circumstance upon which the offense is

based. There is nothing in it from which the accused can tell definitely, or even guess, what acts they are charged with having done. All that appears from the information is that, in the opinion of the district attorney, the accused were guilty of intentionally conducting and directly assisting in the conducting, as a business, of a game, contest, and contrivance whereby a person risked money and things of value in order to realize a profit. There is certainly nothing in this information that informs the accused or the court on just what acts allegedly committed by the accused the prosecuting attorney bases his conclusion that they have been guilty of the offense sought to be charged. This information, therefore, lacks the two essential requirements that give it life. It does not give the accused enough information to enable them to prepare their defense and it is, in no sense of the word, sufficiently definite to be of any value as a bar to further prosecution.

*　　*　　*　　*　　*　　*

"It is elementary that an indictment or information lacking the averments necessary to apprise the accused of the nature and cause of the offense with which he is sought to be charged constitutes no indictment at all and that such a defective indictment or information cannot form the basis of a

prosecution, and while the legislature may authorize changes in the form of indictments or informations * * * as it did more recently when it adopted the Code of Criminal Procedure, wherein the forms of indictments and informations in certain cases have been further simplified by eliminating the unnecessary and complicated verbosity of those common law forms,— we do not find anywhere in the Code of Criminal Procedure provision that an accused charged in an indictment or information that totally fails to apprise him of the acts on which the offense with which he is sought to be charged is based must probe the innermost recesses of the prosecuting attorney's mind in an effort to ascertain just what acts of his the attorney thinks constitute a crime."

In the recent case of State of Louisiana v. Blanchard, 226 La. 1082, 78 So.2d 181, we stated:

"As a general rule where an indictment follows the language of the statute it is sufficient, but this rule is without application where the words of the statute do not sufficiently describe or legally characterize the offense denounced. Where a statute characterizes the offense in general or generic terms, an information charging an offense in the words of the statute is insufficient and the specific facts on which the charge is based must be set

out in the information. State v. Varnado, on rehearing, 208 La. 319, 368, 23 So.2d 106. See also State v. Holmes, 223 La. 397, 65 So.2d 890; United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588."

Again we quote from the Varnado case, supra:

"In any event, we find no provision in the Code of Criminal Procedure requiring that an accused ask for a bill of particulars except when the form of the indictment or information used is as prescribed in Article 235 (the short form of indictments and informations) in certain cases, gambling not being one of these. In this article it is made discretionary with the trial judge to require the district attorney to furnish a bill of particulars if it has been requested by the accused prior to arraignment. On the contrary, the code specifically declares that 'Defects in indictments can be urged before verdict only by demurrer or a motion to quash, and the accused is not entitled to any bill of particulars as to the subject-matter charged in the indictment, but the trial judge may, in his discretion, require the district attorney to file in the case such data as, in the opinion of the judge, may be sufficient.' Article 288. Articles 284 and 286 are to the same effect. Title XX of the Code of Criminal Procedure deals with the 'Pleadings' and 'Proceedings After In-

dictment and Before Trial,' and articles 284–288 are to be found in Chapter 6 of this title under the heading 'Demurrers and Motions to Quash,' wherein the remedies of an accused who feels the indictment is not sufficient to properly apprise him of the nature and cause of the offense are specifically set out."

In State v. Pettifield, 210 La. 609, 27 So.2d 424, 427, we stated:

"The information voluntarily furnished by the district attorney in response to the bill of particulars previously filed by counsel for the relator merely giving the name and age of the child and the dates on which he failed to attend school cannot cure a fatally defective indictment for, 'A bill of particulars cannot * * * in any way aid an indictment or information fundamentally bad.' State v. Bienvenu, 207 La. 859, 22 So.2d 196, 198. The author of the opinion in that case very aptly pointed out that 'The sole office of a bill of particulars is to give the adverse party information which the pleadings by reason of their generality do not give and to compel the State to observe certain limitations in offering evidence.' See, also, 31 C.J. 752, Section 310; 42 C.J.S., Indictments and Informations § 156; and 27 Am.Jur. 672, Section 112. And the observation by the court in the Bienvenu case that the 'defendant is not being prosecuted

on the bills of particulars, but solely on the informations,' is also applicable here." See also, State v. Espinosa, 223 La. 520, 66 So.2d 323.

It is easier to find fault with remedies proposed (as in the Davis case, supra) than to propose remedies that are faultless; nevertheless, the view now taken crystallizes the jurisprudence in conformity with the mandate of the Constitution, and we hold that the information in the instant case does not meet the requirements of the law.

For the reasons assigned, the conviction and sentence are set aside, and the motion to quash is sustained.

HAWTHORNE, Justice (dissenting).

In this case the defendant was charged with the crime of gambling as denounced by R.S. 14:90 in an information using merely the name and article number of the offense committed as authorized by R.S. 15:235. He filed a motion for a bill of particulars, and the State prior to trial informed him that the offense was committed on July 22, 1954, in Alexandria, an incorporated municipality, at the Melody Grill, which was owned and operated by him, and that he intentionally conducted or directly assisted in conducting as a business a gambling game whereby bets were taken on baseball games and persons risked the loss of something of value in order to realize a profit. Under these facts I do not think that defendant in this case can successfully urge that he had not been informed of the nature and cause of the accusation against him.

Article 1, § 10, of the Louisiana Constitution requires that "In all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him * * *". Thus, in every criminal case the accused prior to trial is entitled to this information as a constitutional right. The Constitution, however, does not require that the *indictment* furnish him with this information, nor is there any prohibition in the Constitution against informing him of the nature and cause of the accusation by means of a bill of particulars. Consequently, if the bill of particulars furnished to the accused at his request prior to trial furnishes him with such information, how can he be heard to say that he has not been informed of the nature and cause of the accusation against him, or that his constitutional right has not been fully protected?

The holding of the majority in the instant case is contrary to, and in direct conflict with, the holding of this court in State v. Davis, 208 La. 954, 23 So.2d 801. In that case, as in this one, the defendant was charged with the crime of gambling as denounced by Article 90 of the Criminal Code in a short form of information using merely the name and article number of the offense committed, as authorized by Article 235 of the Code of Criminal Procedure. In answer to defendant's motion for a bill of particulars the State gave him full information as to the offense. In the Davis

·case we held that a short form of indictment or information, when amplified by an answer to a motion for a bill of particulars, fully complies with the constitutional requirement that the accused shall have the right to be informed of the nature and cause of the accusation against him.

The decision of the majority in the instant case also seems to me to be in conflict with the holding of this court in State v. Nichols, 216 La. 622, 44 So.2d 318, 319, in which this court said:

"Finally, our Court has completely put at rest, and the jurisprudence is now settled (although some may contend not theoretically correct) that in the codal article providing the short form of indictment the provision to the effect that the district attorney may be required to furnish a bill of particulars setting forth more specifically the nature of the offense charged amply protects the defendant's constitutional guarantee that he shall be fully informed of the nature and character of the accusation. State v. Chanet, 209 La. 410, 24 So.2d 670; State v. Davis, 208 La. 954, 23 So.2d 801, and State v. Iseringhausen, supra [204 La. 593, 16 So.2d 65, 69]." See also State v. Holmes, 223 La. 397, 65 So.2d 890, and authorities therein cited.

Although all members of this court subscribed to the holding in the Nichols case, supra, we evidently were in error when we stated in the opinion in that case that this court had completely put at rest the question there presented, and presented again in the instant case.

I respectfully dissent.

McCALEB, Justice (dissenting).

Article 235 of the Code of Criminal Procedure, as amended by Act 223 of 1944, R.S. 15:235, after setting forth the short forms of indictments which may be used in certain specified offenses, declares:

"Provided that in all cases of crimes included in the Criminal Code but not covered by the short forms hereinbefore set forth, it shall be sufficient to charge the defendant by using the name and article number of the offense committed."

Since gambling is not included in the list of crimes for which special short forms are provided by the statute, the prosecution in this case adopted the prerogative accorded it by the above quoted provision and simply alleged in the bill of information that defendant did commit gambling as denounced by the Criminal Code. The charge as thus made is clearly sanctioned by R.S. 15:235 and has heretofore been approved by this court under identical allegations and circumstances in State v. Davis, 208 La. 954, 23 So.2d 801.

The majority opinion, denying the State its statutory right to charge the crime of gambling, Article 90, Criminal Code, in the manner set forth by the proviso of R.S. 15:235, is based partially on an elimination of gambling from the effect of the statute

under the maxim "expressio unius est exclusio alterius" which is applied on the theory that gambling must be omitted because a special short form has not been enumerated for it.

It suffices to say that this deletion of gambling from the scope of R.S. 15:235 obviously ignores the fact that gambling, being an offense set forth in the Criminal Code, is necessarily included in the proviso of the statute. Accordingly, forasmuch as the proviso of Article 235, in plain and explicit terms, authorizes the charge as drawn in the instant case, the majority ruling would appear to be without substantial foundation unless it be, as also determined by the prevailing opinion, that prosecution by the procedure employed herein deprives the defendant of his constitutional right to be informed of the nature and cause of the accusation, vouchsafed by Section 10 of Article 1 of the Constitution.

In approaching a discussion of this question, it is to be borne in mind that the above quoted provision is just as much a part of Article 235 of the Code of Criminal Procedure as the special short forms therein set forth for certain designated offenses. Indeed, by the unequivocal language of the provision, an omnibus short form is supplied for all offenses included in the Criminal Code which are not otherwise covered by the Article. This being so, there is plainly no basis for the conclusion that defendant is shorn of his constitutional rights by the short form employed herein as it has been many times decided by this Court that the short forms provided by Article 235 for specific crimes are not violative of a defendant's right to be apprised of the nature and cause of the accusation.[1]

The rationale of the many cases decreeing the validity of the short forms is that the provision contained in Article 235, that the district attorney may be required to furnish a bill of particulars "setting up more specifically the nature of the offense charged", safeguards the rights of the accused and affords adequate protection to him for fulfillment of the constitutional guarantee that he shall be apprised of the nature and cause of the accusation.

The majority, in overruling the Davis case, indicates that that decision is contrary to State v. Varnado, 208 La. 319, 23 So.2d 106; State v. Pettifield, 210 La. 609, 27 So.2d 424 and State v. Blanchard, 226 La. 1082, 78 So.2d 181. In thus concluding, it seems to me that the majority opinion fails to discern that the Varnado, Pettifield and Blanchard cases are clearly distinguishable from the Davis case and the instant

1. See State v. Miller, 170 La. 51, 127 So. 361 (larceny); State v. White, 172 La. 1045, 136 So. 47 (murder); State v. Capaci, 179 La. 462, 154 So. 419 (murder); State v. Pete, 206 La. 1078, 20 So.2d 368 (theft); State v. Ward, 208 La. 56, 22 So.2d 740 (negligent homicide); State v. Chanet, 209 La. 410, 24 So.2d 670 (aggravated rape) and State v. Nichols, 216 La. 622, 44 So.2d 318 (manslaughter).

one in which bills of information were drawn pursuant to the short forms authorized by Article 235.

The prevailing opinion on rehearing in State v. Varnado may be justified on the ground that the bill of information there considered was not brought under the short form provided by Article 235, as amended. Had it been otherwise, it is only reasonable to assume that the Court would have decided comformably with State v. Davis, which was adjudicated less than a month after the Varnado case became final.

In State v. Pettifield, supra, the defendant was charged with violating the compulsory attendance school law, Act 239 of 1944. As the offense is not one included in the Criminal Code, R.S. 14:1–14:140, the short form provided by Article 235 was not available to the prosecution and, therefore, the ruling in the Varnado case was applicable. In the same category is our recent decision in the Blanchard case wherein defendants were charged under a special statute, R.S. 56:366, making it unlawful to possess a mechanical device for the purpose of taking commercial fish.

The ruling in the case at bar produces an odd result. The defendant initially came into court requesting a bill of particulars so that he could be advised of all of the facts and circumstances on which the gambling charge was based. He was furnished the necessary information by the answer of the State. Despite this, he now claims effectively that he has been denied a constitutional right because the data that has already been furnished at his request is not stated in the bill of information. The Constitution guaranteed defendant the right to be apprised of the nature and cause of the accusation; it did not specify that the prosecution shall be abated if the necessary information is not stated in the bill of information or indictment. On the contrary, as above pointed out, all of the cases upholding the short forms provided by Article 235 are predicated upon the premise that the bill of particulars, which is available to defendant under specific provisions, sufficiently protects him in his constitutional rights.

The majority opinion cites the Varnado and Pettifield cases as authority for the proposition that a bill of particulars cannot amend an indictment or information.[2] Conceding that this is the prevailing rule in Louisiana,[3] it does not follow that the in-

---

2. Also cited and quoted from is State v. Dabbs, 228 La. 960, 84 So.2d 601, wherein it is again observed, on authority of the Varnado and Pettifield cases, that a bill of particulars cannot amend an indictment. It was because of this statement, which I do not believe reflects the settled jurisprudence of this Court as shown by the decisions to the contrary cited by me in footnote No. 3 herein, that I did not sign the opinion in the Dabbs case and merely concurred in the decree.

3. But see State v. Miller, 170 La. 51, 127 So. 361; State v. Lemoine, 178 La. 1070, 152 So. 907; State v. Brooks, 173 La. 9, 136 So. 71; State v. Davis, 208 La. 954, 23 So.2d 801 and State v. Smith, 179 La. 614, 154 So. 625.

formation given in a bill of particulars may not be considered in determining whether the constitutional rights of an accused to be informed of the nature and cause of the accusation have been violated.

I respectfully dissent.

HAMITER, Justice (dissenting).

This court has variously remarked that a bill of indictment is amended, State v. Brooks, 173 La. 9, 136 So. 71, State v. Lemoine, 178 La. 1070, 152 So. 907, State v. Smith, 179 La. 614, 154 So. 625, or is amplified, State v. Miller, 170 La. 51, 127 So. 361, State v. Davis, 208 La. 954, 23 So. 2d 801, by the filing of a bill of particulars which furnishes to the accused details of the offense needed in the preparation of his defense. In all other cases the observation has been made that a bill of particulars does not become and cannot be considered as a part of the indictment.

But whether or not an indictment is amended, amplified, reformed or otherwise changed by a bill of particulars is a question of no particular significance here. Greatly important in deciding this cause are our uniform holdings that the necessary details furnished by means of the bill of particulars effectively satisfy the constitutional requirement of informing the accused of the nature and cause of the accusation lodged against him under a simplified form listed and described in LSA–R.S. 15:235. State v. Pete, 206 La. 1078, 20 So.2d 368, State v. Chanet, 209 La. 410, 24 So.2d 670, State v. Nichols, 216 La. 622, 44

So.2d 318, State v. Holmes, 223 La. 397, 65 So.2d 890 (and cases therein cited). If these holdings be correct (I consider them so) it must necessarily follow that with respect to a charge made by using the codal name and article number of the offense committed, as was done in this cause under a specific authorization contained in the above mentioned statutory provisions, such constitutional requirement is likewise satisfied by a bill of particulars which furnishes to the accused the pertinent and necessary details. The effect of a contrary conclusion is to overrule the cases mentioned above and nullify LSA–R.S. 15:235 in its entirety.

I respectfully dissent.