McCALEB, Justice
(dissenting).
In resolving that the short form authorized by R.S. 15:235, as amended by Act .233 of 1944, is incapable of satisfying the constitutional guarantee that an accused be informed of the nature and cause of 'the accusation, the majority rests its decision on two grounds. It is delared that the proviso contained in R.S. 15:235— that the prosecution may be required by the judge on request of the accused to furnish a bill of particulars setting forth the nature of the offense charged — is inadequate to afford protection to the constitutional rights of the accused for the reason that our constitutional provision, unlike that in many other states, guarantees a compliance by the State and it is not essential that the accused make demand therefor. And it is also deduced that a bill of particulars cannot fulfill the constitutional guarantee since it does not have the effect of amending a bill of indictment or information.
These views appear to be in direct conflict with the well-established jurisprudence of this Court wherein the special short forms authorized by R.S. 15:235 for use in charging certain offenses have been upheld. I find it singular that, although comprehensive and exhaustive in its consideration of the constitutional question presented, the majority opinion, while citing some of those cases, does not mention the ground on which the constitutionality of the special short forms provided by R.S. 15:235 has been consistently maintained. The rationale of those decisions is that the special short forms are not violative of the constitutional requirement that the accused be informed of the nature and cause of the accusation because he is amply protected by the provision of the statute that the district attorney may be ordered to furnish him with a bill of particulars setting forth more specifically the nature of the offense charged. See State v. Miller, 170 La. 51, 127 So. 361 (larceny) ; State v. Brooks, 173 La. 9, 136 So. 71 (embezzlement); State v. *1079 Pete, 206 La. 1078, 20 So.2d 368 (theft); State v. Ward, 208 La. 56, 22 So.2d 740 (negligent homicide) ; State v. Chanet, 209 La. 410, 24 So.2d 670 (aggravated rape) and State v. Nichols, 216 La. 622, 44 So.2d 318 (manslaughter).
If the contrary prevailing view in this case is to stand, it would seem to follow that all of the above cited authorities are necessarily overruled by indirection. As I am in agreement with those adjudications, I respectfully dissent from the majority opinion for this and for the reasons more fully set forth in my dissenting opinion in the companion case of State v. McQueen, 230 La. 55, 87 So.2d 727.