SIMON, Justice.
Having been convicted and sentenced on an indictment returned by the grand jury of the parish of Richland, charging that on December 23, 19SS, and within the jurisdiction of the Fifth Judicial District Court in and for the said parish, he “violated [L^Vá-jFN. 14:108 by resisting an officer”, Floyd Ledent applied to this court for writs of certiorari, mandamus and prohibition, which writs were granted, with a stay order, to review the validity of the proceedings had under said indictment. (Emphasis ours.)
The relator reserved six bills of exception to the rulings of the trial judge and relies thereon for the reversal of his conviction and sentence. The sentence imposed by the court condemned him to pay a fine in the sum of $100 and costs, or in default of payment of fine to serve 60 days in the parish jail.
Bill of Exception No. 1 was reserved when the trial court overruled the motion to quash filed on behalf of relator. This motion was leveled at the insufficiency of the indictment to properly inform the accused of the offense for which he stands charged. Relator contends that a mere reference to the number of the statute alleged to have been violated is insufficient to charge an offense where its definition includes different possible acts reprobated, under varying circumstances.
LSA-R.S. 14:108 reads as follows:
“Resisting an officer is the intentional opposition or resistance to, or obstruction of, an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property, or to serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.”
*783 This bill of exception is eminently sound. Section 10 of Article 1 of the - Louisiana Constitution of 1921, LSA, guarantees that in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation against him. In the instant case, the defendant was forced to trial under an indictment that utterly failed to inform him 'of the nature and cause of the violation charged against him, thus depriving him of the constitutional guarantee afforded.
It is now the well-settled law of this state that an indictment or information 'which refers to the crime charged by name and article number only is fundamentally defective and insufficient. A resort to the furnishing of a bill of particulars will not satisfy our constitutional requirements that the information or indictment standing alone shall state the nature and cause o'f the accusation. See State v. McQueen, La., 87 So.2d 727; State v. Straughan, 229 La. 1036, 87 So.2d 523.
Oiir disposition of Bill of Exception No. 1 eliminates the necessity of considering the validity of the remaining bills reserved by the defendant.
Accordingly, for the reasons assigned; the conviction and sentence herein are set aside and the defendant is discharged.
HAMITER and McCALEB, JJ., concur irithe decree.