99 So.2d 1

**STATE of Louisiana**

v.

**Wilfred ELIAS, Sr.**

No. 43647.

Jan. 6, 1958.

Emile A. Carmouche, Lucian C. Bertrand, Jr., Lafayette, Earl H. Willis, St. Martinsville, for appellant.

2

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Bertrand De Blanc, Dist. Atty., Lafayette, J. Nolan Sandoz, Asst. Dist. Atty., Abbeville, for the State.

PONDER, Justice.

The defendant was charged in an indictment in that he "Attempted to murder Warnest Thibeaux." He was tried and found guilty of "attempted manslaughter" and sentenced to serve 8 years in the penitentiary. He has appealed.

We are presented with only one bill of exception on this appeal which was taken to the overruling of a motion in arrest of judgment. It is alleged in the motion in arrest of judgment that the indictment is insufficient and that the verdict of the jury is not responsive to the charge set forth in the indictment.

The defendant contends that the indictment does not inform him of the nature and cause of the accusation against him in contravention of Section 10 of Article 1 of the Louisiana Constitution—LSA and LSA-R.S. 15:227. He cites in support of his contention the cases of State v. Mc-Queen, 230 La. 55, 87 So.2d 727; State v. Straughan, 229 La. 1036, 87 So.2d 523 and State v. Ledent, 230 La. 780, 89 So.2d 299.

The three cases cited and relied upon by the defendant are not applicable. Two of the cases involved charges of gambling and the other a charge of resisting an officer. These crimes are not listed among the short forms enumerated in Article 235 of the Code of Criminal Procedure LSA-R.S. 15:235 and the charges were made under the 1944 amendment to Article 235 which provided that it was sufficient, in all crimes included in the Criminal Code not covered by the short forms set forth therein, to charge the defendant by using the name and article number of the offense committed. This Court held that this was not sufficient to inform the defendant of the nature and cause of the accusation. However, we have an entirely different situation in this case. The defendant was sufficiently informed of the nature and cause of the accusation when he was charged with attempting to murder Warnest Thibeaux.

We have held that the short form of indictment for murder was sufficient in the following cases: State v. Layton, 217 La. 57, 46 So.2d 37; State v. Leming, 217 La. 257, 46 So.2d 262.

Certainly, if it is sufficient to charge a defendant in the short form for murder, it is sufficient to charge the short form for an attempt of this same crime.

The defendant contends that the verdict of attempted manslaughter is not responsive to the charge of attempted murder. Under the provisions of Article 386 of the Code of Criminal Procedure, as amended, LSA–R.S. 15:386, it is specifically provided that a verdict of attempted manslaughter is responsive to an indictment for attempted murder. In the case of State v. Broussard, 217 La. 90, 46 So.2d 48, the defendant was charged with an attempt to commit aggravated rape and was found guilty of an attempt to commit simple rape. We pointed out that the judge was bound to instruct the jury under Article 386 that the verdict of simple attempted rape is responsive to a charge of attempted aggravated rape and that the defendant was charged with this knowledge at the time he was tried and found guilty of the lessor offense and that it was his duty, if he had any objection to such a verdict or thought that the statute was unconstitutional, to object to the judge's charge and raise the unconstitutionality of the statute at that time.

The defendant contends that there is no such crime as attempted manslaughter. Under the provisions of Article 27 of the Criminal Code (LSA–R.S. 14:27), it is provided that "An attempt is a separate but lesser grade of the intended crime * * *."

For the reasons assigned, the conviction and sentence are affirmed.