SIMON, Justice
(dissenting).
With all ‘due respect to my associates, I do not subscribe to the view set forth in the majority opinion that the district attorney’s statement contained in the bill of particulars that “The total value of the cause of action as of August 7,1957 (the date of the alleged crime), is unknown” had the effect of negativing the value of $1,875 affirmatively set forth in the indictment and assigned therein to the object of the theft, the 20% interest in the cause of action.
I readily concede, as pointed out by the majority, that the thing taken must have “some value”, such value being an essential element of the crime of theft, but, as provided in LSA-R.S. 14:2, “‘Anything of value’ must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or immovable, corporeal or incorporeal * * Even though the bill of particulars stated the value of the thing taken was unknown as of the date of the taking, the question of what the value was and whether there was any value, no matter how slight, was a question of fact and a matter of proof to be established by the State and to be submitted to the jury. Neither the trial judge nor this Court has the right to determine the adequacy or lack of proof of such a fact. The determination of the value, if any, of the object of the theft as charged in the indictment rested exclusively within the province of the jury. Furthermore, the statement contained in the bill of particulars, that the thing alleged to have been the subject of the theft was unknown as of the date of the alleged theft, does not in itself make or describe the thing as valueless. The statement clearly sets out that though it has some value it was as of *442 the date of the theft unknown and uncertain. This, however, in itself cannot affect or in any way negative or destroy the actual value of the thing alleged to have been stolen as specifically charged in the bill of indictment after full investigation by the grand jury.
Furthermore, even if the statement in the bill of particulars that the value of the thing taken was unknown as of August 7, 1957, was inconsistent with the value specified in the indictment, the motion to quash should nevertheless have been overruled, for the reason that a bill of particulars cannot create a defect in a valid indictment. The prosecution must be conducted exclusively on what was contained within the four corners of the indictment, and we cannot look beyond its four corners to determine its validity. There can be no prosecution on a bill of particulars. Nor can the contents of a bill of particulars, whatsoever is set forth therein, alter, change, amend or affect the indictment. A bill of particulars, when furnished, supplies the accused and the court additional information concerning the accusation and in its legal effect operates to limit the prosecution in its proof to the specifications therein contained, but it cannot create a defect in the indictment. It cannot be furnished the accused to enable him to demur to the indictment; nor, if the indictment is not demurrable on its face, can the furnishing of a bill of particulars make it so.
This view is in accord with the weight of authority, as expressed in 4 Wharton’s Criminal Law and Procedure (1957), Sec. 1870, p. 725:
“Although in so far as its purpose is concerned a bill of particulars is in the nature of a pleading, yet it forms no part of the record, and cannot create or cure a defect in the indictment. Thus an indictment sufficient on its face cannot be made demurrable by a bill of particulars, and when an indictment is insufficient on its face, it cannot be made valid by the service of a bill of particulars.”
See also 27 Am.Jur. Verbo Indictments and Informations, Sec. 112, pp. 672, 673:
“The office of a bill of particulars is to supply the accused and the court additional information concerning an accusation that the defendant has committed an act or acts constituting a criminal offense. In so far as its purpose is concerned a bill of particulars is in the nature of a pleading, and when furnished, operates to limit the prosecution in its proof to the specifications therein contained, although the prosecution is not limited in its proof by all the conclusions of law that may be drawn from the facts which are specified in the bill * * * A bill of particulars cannot create or cure a defect in the indictment or information. *444 It cannot be furnished the accused to enable him to demur to the indictment; nor, if the indictment is not demurrable on its face can the furnishing of a bill of particulars make it so. A bill of particulars is not an amendment of the indictment or information and cannot change the offense charged in the indictment or in any way aid an indictment fundamentally bad * * * ”
See also 42 C.J.S. Indictments and In-formations § 156, pp. 1101-1103; 8 A.L.R. 550; State v. Lehigh Valley R. Co., 94 N.J.L. 171, 111 A. 257, 10 A.L.R. 977, 982-983; 32 Tulane Law Review 47, 58.
The jurisprudence of this state with regard to the effect on the indictment or information of a bill of particulars when furnished, is, to say the least, conflicting. See 32 Tulane Law Review 60-62.
In State v. Long, 129 La. 777, 56 So. 884, and in State v. Hewitt, 131 La. 115, 59 So. 34, the principle was established that a bill of particulars does not become a part of the indictment, does not amend it, and cannot have the effect of vitiating a valid indictment or information. These cases have .never been overruled and, in fact, were cited with approval in the comparatively recent case of State v. Straughan, 229 La. 1036, 87 So.2d 523.
In spite of these decisions, this Court in later decisions and without citation of authority referred to bills of particulars as “amendments” or “amplifications” of the indictment, but these were mere expressions of opinion of the writer and not necessary to the actual holdings of the cases. State v. Hollingsworth, 164 La. 167, 113 So. 805; State v. Lauvet, 164 La. 543, 114 So. 151; State v. Miller, 170 La. 51, 127 So. 361; State v. Brooks, 173 La. 9, 136 So. 71; State v. Smith, 179 La. 614, 154 So. 625. And in State v. Lemoine, 178 La. 1070, 152 So. 907, 908, this Court, completely ignoring its previous holding in the Long and Hewitt cases, held that an indictment should have been quashed because of statements contained under a bill of particulars, merely stating that “the particulars, thus furnished, are deemed, in law, to constitute a part of the bill of indictment” without citing any supporting authority.
In the subsequent cases of State v. Bienvenu, 207 La. 859, 22 So.2d 196; State v. Varnado, 208 La. 319, 23 So.2d 106, and State v. Pettifield, 210 La. 609, 27 So.2d 424, this Court returned to the view of the Long and Hewitt cases, supra.[1] In State v. Bienvenu, supra, the Court cited the Long and Hewitt cases with approval and stated [207 La. 859, 22 So.2d 198];
*446 “The sole office of a hill of particulars is to give the adverse party information which the pleadings by reason of their generality do not give and to compel the State to observe certain limitations in offering evidence. A bill of particulars cannot change the offense charged nor in any way aid an indictment or information fundamentally bad.”
In State v. Varnado, supra [208 La. 319, 23 So.2d 126], the Court speaking of a bill of particulars stated that:
“ ‘ * * * forms no part of the indictment and cannot cure it if it is defective * * * and, when furnished, operates to limit the prosecution in its proof to the specifications therein contained * * * ’ but ‘A bill of particulars cannot create or cure a defect in the indictment or information. It cannot be furnished the accused to enable him to demur to the indictment; nor, if the indictment is not demurrable on its face, can the furnishing of a bill of particulars make it so. A bill of particulars is not an amendment of the indictment or information * * ”
In State v. Pettifield, supra, the Court quoted from the Bienvenu case that the purpose of a bill of pariculars was to give information to the accused and to limit the state’s evidence, and stated that the defendant is not prosecuted on bills of particulars, but solely on the bill of indictment or information.
Nevertheless, in State v. Bessar, 213 La. 299, 34 So.2d 785, 789, in which a bill of particulars had been furnished, this Court in ruling on a motion to quash the indictment, said:
“The indictment * * * being in the short form * * * the defendant was entitled to a bill of particulars * * * and this bill, when furnished, operated to limit the scope of proof on the trial by restricting the introduction of evidence to the proof of those facts set out in the bill of particulars * * Consequently, the court in considering the motion to quash the indictment must construe those facts as set out in the hill of particulars to he true and determine whether or not if proved they constitute the crime charged (Emphasis supplied.)[2]
The Bessar case was quoted approvingly in State v. Masino, 214 La. 744, 38 So.2d 622, 623, the Court stating:
“The court, in considering the motion to quash the indictment, must con *448 strue those facts as set out in the hill of particulars to he true and determine whether or not, if proved, they constitute the crime charged. It is of no moment whether we say that a bill of particulars is an amendment or an amplification of the indictment or a restriction of proof to be offered by the State * * * The issue to be decided on a motion to quash is wheth- or not the indictment itself is defective on its face, taking as true what is alleged in the bill of particulars. * *”
Once again, in State v. Dabbs, 228 La. 960, 84 So.2d 601, 602, the Court reinstated its original holdings in the Long and Hewitt cases, supra, holding that a bill of particulars cannot create a defect in a valid indictment.[3] In the Dabbs case, we said:
“Irrespective of what may be contained or set forth in the bill of particulars relied on by the defendant to support his contention * * * we are not concerned therewith * * * There can be no prosecution on a bill of particulars * * * A bill of particulars can neither create a defect in a bill of information nor remedy a defective one. Neither can it serve as a vehicle to afford a defendant a right of demurring — in this instance a motion to quash — where the bill of information on its face is not demurrable.”
The Dabbs case was quoted with approval in State v. McQueen, 230 La. 55, 87 So.2d 727, and in State v. Straughan, supra, wherein we held that charging the defendant by the name of the crime and the number of the article of the criminal code denouncing the crime, as provided by LSA-R.S. 15:235, is violative of Article I, Sections 9 and 10, of the state constitution, LSA, is fundamentally defective, and cannot be cured by answers furnished in a bill of particulars.[4] In the Straughan case [299 La. 1036, 87 So.2d 534] we stated that it is “almost universally held that a bill of particulars forms no part of an indictment or information”, that a bill of particulars can neither aid one that is fundamentally bad nor create a defect in a valid one, and that under Article I, Section 9 of our state constitution, a prosecution must be by indictment or information and not by a bill of particulars.
State v. Ledent, 230 La. 780, 89 So.2d 299, 300, involving a charge by name of *450 crime and article number, followed the McQueen and Straughan decisions. In that case we stated:
“It is now well-settled law of this state that an indictment or information which refers to the crime charged by name and article number only is fundamentally defective and insufficient. A resort to the furnishing of a bill of particulars will not satisfy our constitutional requirements that the information or indictment standing alone shall state the nature and cause of the accusation.”
Subsequent to the Ledent decision, this Court in State v. Peterson, 232 La. 931, 95 So.2d 608, and in State v. Kershaw, 234 La. 579, 100 So.2d 873, again seemed to change its position and to be of the opinion that the answers furnished in a bill of particulars must be considered in passing on a motion to quash the indictment or information.
To summarize, the majority opinion is in accord with expressions in the Hollingsworth, Lauvet, Miller, Brooks, and Smith cases, supra, and with holdings in the Lemoine and Bessar cases, supra.
On the other hand, the majority opinion is in direct conflict with the holdings in the Long, Hewitt, Bienvenu, Pettifield, Dabbs, McQueen and Straughan cases, in conflict with expressions in the other cases cited above, and in conflict with the overwhelming weight of authority.
With all due respect, as will be observed from the foregoing, our jurisprudence presents a vacillating course, thus creating a deficit in vigor and a deficit in certainty, and an unenviable condition which, in my view, should not be continued or allowed to prevail.
I respectfully dissent.

. However, in State v. Davis, 20S La. 954, 23 So.2d 801, handed down within the same year, it was held that any defect in 'bill of information, no matter how serious, can be cured by the furnishing of a bill of particulars, which “amplified” the bill of information. This case was subsequently overruled by the Straughan case, supra.

. It does not follow that because the evidence is restricted to the proof of those facts set forth in the bill of particulars, the court must consider what is alleged in the bill of particulars in passing on the motion to quash. It is with the emphasized statement in the above question from the Bessar case that the writer disagrees.

. This was the holding of the Dabbs case. Any consideration in the opinion in that case of facts alleged in the bill of particulars was for the purpose of showing the inapplicability of certain cases cited by counsel for defendant and was not necessary to the decision.

. This has been distinguished from the short form of indictment for a crime listed among the forms enumerated in LSA-R.S. 15:235, which has generally been held valid. State v. Elias, 234 La. 1, 99 So.2d 1.