PONDER, Justice.
 

 The defendant, John Edward Burris, Jr., was convicted of the crime of attempted aggravated rape and sentenced to the penitentiary at hard labor for a period of six
 
 *611
 
 years. He has appealed from the conviction and sentence.
 

 During the course of the trial, seven bills of exception were taken to the rulings of the trial court.
 

 Bill of Exception No. 1 was taken to the ruling of the trial judge refusing to quash the indictment.
 

 The motion to quash the indictment was predicated on the ground that the offense charged in the indictment is not known to the laws of this State. It is argued that the offense as charged in the indictment is synonymous with the charge Of assault with intent to rape, and such being the case, the defendant is therefore charged with an attempt to commit an attempt, which is not denounced as a crime by the Criminal Code.
 

 It is so well established that all crimes in Louisiana are statutory and that there can be no crime which is not defined and denounced by statute, it is unnecessary to cite authorities .to that effect.
 

 Act 43 of 1942, enacting and adopting the Criminal Code, denounces and defines an attempt to commit a crime as follows: “Article 27. Any person who, having a •specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guiity of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.”
 

 Rape is defined in section 41 of the Criminal Code as follows: “Rape is the act of sexual intercourse with a female person not the wife of, or judicially separated from bed and board from, the offender, committed without her lawful consent. Emission is not necessary; and any sexual penetration, however slight, is sufficient to complete the crime.” '
 

 Section 42 denounces and defines the crime of aggravated rape as. follows:
 

 “Aggravated rape is a rape committed where the sexual intercourse is deemed to be without the lawful consent of the female because it is committed under any one or more of the following circumstances:
 

 “(1) Where the female resists the act to the utmost, but her resistance is overcome by force.
 

 “(2) Where she is prevented from resisting the act by threats of great and immediate bodily harm, accompanied ’by apparent power of execution.
 

 “(3) Where she is under the age of twelve years. • Lack of knowledge of the female’s age shall not be a defense.
 

 “Whoever commits the crime of aggravated rape shall be punished by death.”
 

 The Criminal Code specifically repeals section 792 of the Revised Statutes of 1870, Dart’s Statutes, art. 766, making it a crime to assault with intent to murder, rape or rob.
 

 As pointed out above, aggravated rape is denounced and defined by statute as a crime. Section 27 makes an attempt to commit a crime an offense. Therefore, the conclusion is inescapable that the defendant is charged with a crime denounced
 
 *613
 
 and defined to be such under the statutes of this State.
 

 Bill of Exception No. 2 is abandoned.
 

 Bill of Exception No. 3 was taken to the manner in which the tales jurors were drawn. This bill is predicated on the ground that the clerk of court under the direction of the trial judge placed the names of the tales jurors that had been drawn and called but to which there had been no answer back into the Tales Jury Box. In support of this contention, the defendant cites a portion of Article 186 of the Code of Criminal Procedure which reads as follows: “It shall be the duty of .the jury commission at such times as the court may order, to select one" hundred tales jurors, good men and true, and place their names in a box known as the tales jury box, securely seal the same and deliver it to the district clerk of the parish, who shall keep the same so sealed and unopened in his possession until ordered by the court to produce the same. If on the trial of any criminal case, the regular venire is exhausted, or it appears that it will be exhausted, before the selection of a jury therein, the court at its discretion may instruct the clerk to open such tales jury box and draw therefrom such number of tales jurors as in its judgment may be necessary to serve on said case, and it shall be the duty of the sheriffs to forthwith summon such tales jurors so summoned to report immediately for jury service in said court in said case; provided, that the names of tales jurors drawn from such tales jury box and who do not serve shall not be returned to said tales jury box by the district clerk, but the slips upon which the names are written shall be destroyed in the presence of the court by the district clerk; * *
 

 In the per curiam of the trial judge it is stated in effect that after the regular venire of jurors had been exhausted, the clerk brought the Tales Jury Box into open court and drew the names of twelve persons to be summoned to serve as tales jurors. After this was done, the Tales Jury Box was sealed and not opened again during the trial. The sheriff summoned the tales jurors. The slips containing the names of the twelve tales jurors were placed in an empty box, not' the Tales Jury Box, shaken thoroughly, and drawn therefrom until three of those present were called and ’ examined on their voir dire. When the jurors had been selected to complete the panel, the names were placed back in the box with the other slips containing the names of the tales jurors not drawn, and all of the slips, those drawn and those not drawn, were destroyed. The trial judge further states in his per curiam that this method of calling the jurors for examination on their voir dire has been employed in that court for the last sixteen years.
 

 In the absence of any evidence to thp contrary, the per curiam of the trial judge must be accepted as a true and correct statement of the facts. We see nothing in the procedure that conflicts with the law or that would injuriously affect the defendant.
 

 Bill of Exception No. 4 was taken to the following statement of the trial judge in his charge to the jury: “You will take
 
 *615
 
 into consideration all of the facts and circumstances surrounding the case, including any testimony which may have been offered tending to show the extent and purpose of assaulting the party, and any attempt to remove her garments and the nature of the garments removed.”
 

 Counsel for the defendant contends that the portion of the charge complained of is a comment on the evidence of an extremely prejudicial nature. He argues that it directs particular attention to the torn underwear that was introduced in evidence.
 

 There was' no written charge requested or given. The trial judge in his per curiam makes the following statement: “The jury was then instructed that intent often was determined by conduct, after which there followed the statement to which exception was taken. After the objection was made, the Court repeated to the Jury thé instruction that the Jury was the sole judge of what evidence had been presented and of its weight and effect, and the Court by no means assumed any fact as proved or disproved, and that the verdict of the Jury should rest upon a fair and dispassionate consideration of all of the evidence and not just a part thereof.”
 

 Article 384 of the Code of Criminal Procedufe provides: “It belongs to the jury alone to determine the weight and credibility of the evidence, but the judge shall have the right to instruct the jury on the law but not upon the facts of the case.”
 

 A trial judge is required to limit himself to giving the jurors a knowledge of the law applicable to the case. He' is prohibited from stating or recapitulating the evidence in a manner which would influence the decision on the facts, or from repeating or stating the testimony of any of the witnesses, or from indicating what facts have been proved or disproved. State v. Davis, 140 La. 925, 74 So. 201.
 

 However, the trial judge has much discretion in expounding the principles of law which will enable the jury to arrive at a. correct verdict. We have recently reviewed the law governing the question raised in this bill of exception in the case of State v. Richey, 198 La. 88, 3 So.2d 285. From a reading of the opinion of this recent case, wherein the prioijurisprudence was reviewed, it readily appears that mere referenqe to the evidence, without assuming any fact proven or expressing or indicating any opinion of the law arising from the facts which may or may not have been established before the jury, would not warrant setting aside the verdict and sentence. Taking the portion of the charge complained of and the further instruction given by the judge in his charge, quoted above, into consideration as a whole, it does not appear that the judge assumed or indicated that any fact was proved or disproved, or that the judge intimated any opinion thereon. The judge particularly called the jury’s attention to the fact that they were the sole judges of what evidence had been presented and the weight to be given it. We do not think under the circumstances that prejudicial error was committed.
 

 Bill of Exception No. 5 was taken to that portion of the charge of the trial
 
 *617
 
 judge stating the law governing admissions and confessions.
 

 Counsel contends that there was absolutely no evidence showing the defendant made a confession, and this portion of the trial judge’s charge is an assumption of the facts not proven.
 

 The trial judge in his per curiam states that evidence was offered on the trial of the case to the effect that the defendant had made certain admissions and exculpatory statements. He further states that the rules of law applicable to confessions were given for the purpose of distinguishing between the rules governing admissions and exculpatory statements.
 

 Whether or not a statement made by a defendant is a confession or admission or an exculpatory statement depends entirely on the nature of the statement. In order that the jury might clearly understand the nature of the statement made by the defendant, it is not only proper for the trial judge to instruct the jury on the law governing admissions, confessions and exculpatory statements, but it would appear to us that it would be better practice to do so in order that the jury might ascertain its nature and the effect to be given it.
 

 Bills of Exception Nos. 6 and 7 taken to the overruling of a motion for a new trial and a motion in arrest of judgment are predicated on the grounds raised in Bills of Exception Nos. 1 to 5, inclusive.
 

 We have already discussed the questions of law raised in those bills and repetition is unnecessary.
 

 For the reasons assigned, the conviction and sentence are affirmed.