ODOM, Justice.
 

 The defendánt was prosecuted under six bills of information, each bill charging that he “* * * being over the age of seventeen did unlawfully and feloniously commit indecent behavior, as defined by Article 81 of the Louisiana Criminal Code (Act 43 of 1942), with -, a juvenile under the age of seventeen years.”
 

 The bills are identical except as to the dates and names of the juveniles involved. The cases were transferred to the juvenile court on motion of the district attorney, over the objection of counsel for defendant. But counsel now concede that the judge did not err in making the transfer. The cases were consolidated in the juvenile court for the purpose of trial. The defendant was convicted in each case and was sentenced to serve terms in the parish jail aggregating two and one-half years. In no case was the sentence for less than six months, but some of them were ordered to run concurrently. The defendant appealed each case.
 

 Article 81 of the Louisiana Criminal Code (Act 43 of 1942) defines indecent behavior with juveniles as the “commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, with the intention of arousing or gratifying the sexual desires of either person”. The charge made against defendant in each of the cases was that he “did unlawfully and feloniously commit indecent behavior, as defined by Article 81 of the Louisiana Criminal Code”. Counsel for defendant filed in each case a motion to quash the bill of information on the ground (1) that the bill “does not set out a crime as denounced by the laws of the ’ State of Louisiana”, and (2) that the “charge attempted to be made against him in said bill of information is too vague and indefinite to permit your mover to properly prepare for, and present, his defense thereto”.
 

 In the alternative, in case the court should hold that the bill of information should not be quashed, “then your petitioner desires, and is entitled to, a bill of par
 
 *113
 
 ticulars setting out the particular acts or particular conduct claimed to have been committed by him with said -, and claimed to have constituted indecent behavior”.
 

 The trial judge overruled the motions to quash and the motions for a bill of particulars for the reason, as stated, by him in his per curiam, that the bill of information in each case “specifically sets out, and is drawn verbatim, in the language of Article 81 of the Louisiana Criminal Code. The same reasons are given for the refusal to consider the second reason advanced as well as the third”. The “third” relates to the motions for a bill of particulars.
 

 Counsel for defendant excepted to the ruling of the court and reserved a bill in each case.
 

 The bill of information in each case is fatally defective and should have been quashed.
 

 The principal reason is that, according to the language of the article, a person over the age of 17 years may commit the crime of “indecent behavior” in more than one way. One way is by committing “any lewd or lascivious act upon the person” of the juvenile, which means that a violation of this particular provision of the article would necessarily involve an act by which the offender brought his or her body or person, or some part of it, into physical contact with the body or person of the juvenile. If the act committed is “lewd or lascivious” and is committed with the intention of '“arousing or gratifying the sexual desires •of either person”, the law is violated. This is one way of violating the law against indecent behavior with juveniles.
 

 But there is another and entirely distinct and different way of violating that law. The article of the Code also covers and denounces indecent sexual displays in the presence of children under 17 years of age. It says that “indecent behavior with juveniles” is the commission of any lewd or lascivious act upon the person
 
 “or
 
 in the presence of any child under the age of seventeen”. Thus the commission of any lewd or lascivious act in the presence of a juvenile is a violation of the law, even though the offender does not touch the body <?r person of the juvenile.’
 

 Now, since the law denouncing indecent behavior with juveniles may be violated in either one or the other of the two ways above mentioned and described, it follows that an indictment or information which goes no further into detail than merely to charge that the defendant did “commit indecent behavior, as defined by Article 81 of the Louisiana Criminal Code,” conveys to the defendant no information at all concerning the kind or nature of the acts, by the commission of which he is alleged to have violated the law. The way or manner in which defendant violated the law, if he did violate it, is not suggested by the bill.
 

 As we have stated, the crime denounced by Article 81 of the Louisiana Criminal Code may be committed in more than one way, by committing lewd or lascivious acts
 
 either
 
 on the person
 
 or
 
 in the presence of the child, and, because that is true, the provisions of Article 227 of the Code, of Criminal Procedure are peculiarly applicable to
 
 *115
 
 a case of this kind. That article provides that: “The indictment must state every fact and circumstance necessary to constitute the offense, but it need do no more.” The “offense” here charged is “indecent behavior with juveniles”. But the bill of information in this case stated no fact or circumstance relating to the commission of the offense, and referred to no act committed by the defendant which was necessary to constitute the offense. The bill conveyed to the defendant 'no intimation as to what facts the State expected to prove in order to make out its case.
 

 The bill as worded did convey to the defendant knowledge that he was accused of committing lewd or lascivious acts of some kind, either upon the person or in the presence of a child. But, in a case of this kind, in order that a defendant may be able to prepare a defense, the bill should be so drawn as to inform him whether the alleged lewd or lascivious acts were committed upon the person or in the presence of the child; and further, in either case, he is entitled to specific information as to the kind and character of the acts he is alleged to have committed. Otherwise he is in no position to defend himself at the trial. He would go into court without any knowledge whatever, in so far as the disclosures in the bill are concerned, of the particular acts which the State expects to prove that he committed, and without any knowledge of the kind or nature of the acts intended to be relied on as constituting the offense charged or sought to be charged. A charge in an indictment or bill of information that a person committed indecent behavior, as defined by Article 81 of the Louisiana Criminal Code, is no more than a conclusion of law.
 

 The ruling in the case of State v. Morgan, 204 La. 499, 15 So.2d 866, is applicable-here.
 

 In that case the defendant was charged in a bill of information with “unlawfully disturbing the peace”, under Article 103 of the Louisiana Criminal Code, which provides that “Whoever commits the crime of disturbing the peace shall be fined not more than one hundred dollars, or imprisoned for not more than ninety days, or both”. The-article provides that “Disturbing the Peace is the doing of any of the following in such a manner as would foreseeably disturb or alarm the public”. Then follows a list of the acts which, if committed, would “dis.turb or alarm the public”.
 

 In that case, as in the one at bar, the defendant filed a motion to quash the indictment on the ground that the bill of information “does not set out any offense as denounced by any law of the State of Louisiana, but merely sets out a qonclusion of law.”
 

 The trial judge overruled the motion to-quash, and defendant reserved a bill of exception to the ruling. The case was. brought before this court on certiorari. We held that the motion to quash should, have been sustained. In the course of our opinion, after setting out in detail the acts, which constitute a disturbance of the peace,, we said:
 

 “It will thus appear that the offense of disturbing the peace as defined in Article 103 of the Criminal Code may consist of
 
 *117
 
 one or more separate and distinct acts or offenses committed by the defendant.”
 

 That is the case here. As we have stated, one may be guilty, under Article 81 of the Louisiana Criminal Code, of indecent behavior with juveniles by committing lewd or lascivious acts
 
 either
 
 upon the person
 
 or
 
 in the presence of the child involved.
 

 In the Morgan case it was pointed out that Article 103 of the Louisiana Criminal Code replaced Act 31 of 1886, as amended by Act 227 of 1934, and “defines a number of different and distinct acts or offenses as constituting disturbances of the peace”. We referred to the case of State v. Verdin, 192 La. 275, 187 So. 666, which was a prosecution for disturbance of the peace under Act 31 of 1886, as amended by Act 227 of 1934. In the Verdin case the indictment was couched in the language of the statute —that is, defendant was charged with “unlawfully disturbing the peace”. In the Morgan case we said, referring to the Verdin case:
 

 “In that case where the question was also presented on a motion to quash, we reversed the conviction of the relators on the ground that the indictment charging relators with disturbing the peace, merely set forth a conclusion of law and was not specific enough to enable the relators to prepare their defense; that as a number of acts or offenses necessarily different and distinct were embraced within the provisions of Act No. 31 of 1886 as amended by Act No. 227 of 1934, it was necessary to charge relators with the commission of one of the many offenses embraced within the statutory provisions.”
 

 The general rule announced by the court in the case of State v. Mines, 137 La. 489, 68 So. 837, is applicable here. It was there held, according to Paragraph 1 of the syllabus written by the court, that:
 

 “Where the charge contained in an indictment, even though in the language of the statute, is so general as not to disclose the particular acts and things, thought to have been committed and done by the defendant and intended to be relied on as constituting the offense charged or sought to be charged, the defendant may require further information by means of a bill of particulars, though the same relief may, ordinarily as well, and perhaps better, be obtained by demurrer or motion to quash.”
 

 For the reasons assigned, the conviction and sentence in each of the cases is set aside and the motion to quash the information is sustained, and it is ordered that defendant be discharged.