FOURNET, Justice.
 

 Gordon Guin, a boy 16 years old, was tried and convicted, without capital punishment, on an indictment charging him with the murder of a 17 year old girl, Elsie Mae Arnold. He is appealing from his conviction and sentence to life imprisonment, relying for the reversal thereof on eighteen bills of exceptions reserved during the course of his trial.
 

 The first fifteen bills are identical for all intents and purposes. They were levelled at the trial judge’s ruling permitting the district attorney to propound certain questions to the prospective jurors when examining them on their voir dire. In examining these jurors the district attorney questioned them to ascertain whether or not they could try a minor under 17 for the crime of murder the same as they would an adult. It is the contention of the defendant that this questioning was improper.
 

 In his per curiam to Bill of Exceptions No. 1, which was made general to the next fourteen bills, the trial judge pointed out that the Juvenile Court has no jurisdiction in the trial of the accused because, although he was a juvenile, he had to be tried as an adult under the constitution since he was charged with the crime of murder; consequently, that when the prospective jurors answered the district attorney’s questions in the negative, they showed they were biased and incapable of rendering a fair and impartial verdict.
 

 We think, as did the trial judge, that such questions were proper to test the qualifications of the prospective jurors to serve fairly and impartially for, under the express provisions of Article 351 of the Code of Criminal Procedure, the juror may be challenged to show “That he is not impartial,
 
 the cause of his bias being immaterial
 
 * * (Italics ours.)
 

 The contention of defendant’s counsel that the trial judge’s ruling in this re
 
 *241
 
 spect deprived the accused of the benefit of the lenient attitude of such jurors toward a minor is untenable. While we think a jury may take into consideration the age of an accused, after they have reached the conclusion he has been proved guilty beyond a reasonable doubt, in determining whether he should be made to pay the extreme penalty for his crime or whether they should qualify their verdict, we do not think the mere fact that an accused is under 17 is an element or a determining factor in the establishment of the crime of murder.
 

 Counsel for the defendant urges that the question whether or not the juror could follow the law that requires the trial of an accused under 17 years of age in the district court as an adult when charged with murder, which question was objected to and forms the basis of Bill of Exceptions No. 11, was not only improper but also that it incorrectly stated the law.
 

 This argument is equally without merit. The district court, and not the juvenile court, has exclusive jurisdiction in all cases involving capital crimes, even though the accused is a juvenile. Sections 35 and 52 of Article VII of the Constitution of 1921.
 

 Bill of Exceptions No. 16 was reserved when the trial judge permitted the district attorney to ask the victim’s father the following question: “Did this boy (defendant) come to your house on Thursday night before your daughter was killed and didn’t you have to run him off and make him go home ?”
 

 In his per curiam to this bill the trial judge says: “This question was asked to show that the defendant came to the house where the deceased lived a few days before the killing and lingered there until after bedtime when he was asked by this witness, who was the father of the deceased, to leave in order that the family might retire,’’ and he concluded that such evidence could be considered by the jury in connection with the other facts in the case to show motive. We find no error in this, ruling.
 

 When the state sought to offer in evidence the signed statement given the officers by the accused, in which he details the-manner in which the shooting occurred, his counsel objected to its introduction on the ground that it was not in the form required by law. Counsel also requested that he be allowed to cross-examine these officers. The court allowed the cross-examination but overruled the objection to the introduction of the statement, whereupon Bill of Exceptions No. 17 was reserved.
 

 This statement is not a confession and although the accused did admit therein that the gun with which the deceased was. killed was fired while in his hands, he sought to show that the shooting was accidental. Counsel has cited no law requiring that such a statement be couched in any particular language or put in any definite form and we know of none. Moreover, as pointed out by the trial judge in his per curiam, the accused admitted the
 
 *242
 
 statement as written was freely and voluntarily made by him without any promise or hope of a reward.
 

 The last bill was reserved when the state sought to introduce in evidence the gun used by the defendant in the killing of the deceased, defendant taking the position that the gun was not properly identified.
 

 According to the trial judge’s per curiam, which, in the absence of a note of evidence to the contrary, must be accepted as correct, the gun sought to be introduced in evidence was identified by the witnesses as the one pointed out by the accused as the gun with which the homicide was committed and this gun was taken by the sheriff at the time and remained in his office from then until the trial of the case. 'Clearly, therefore, this ruling is correct.
 

 For the reasons assigned, the conviction and sentence are affirmed.