PONDER, Justice.
 

 We granted writs in this case because we were of the opinion that the bill of information under which the defendants were convicted was fatally defective.
 

 The defendants were convicted and sentenced under a bill of information charging that they “Unlawfully possessed a mechanically and/or manually operated device, without explosive, for the purpose of illegally taking commercial fish; in violation of the provisions of [LSA-] R.S. 56:366 of the State of Louisiana, as amended by Act 194 of 1952.”
 

 The bill of information follows the language of the statute but the statutory words do not in themselves set forth the elements necessary to constitute the offense intended to be punished.
 

 As a general rule where an indictment follows the language of the statute it is sufficient, but this rule is without application where the words of the statute do not sufficiently describe or legally characterize the offense denounced. Where a statute characterizes the offense in general or generic terms, an information charging an offense in the words of the statute is insufficient and the specific facts on which the charge is based must be set out in the information. State v. Varnado, on rehearing, 208 La. 319, 368, 23 So.2d 106. See also State v. Holmes, 223 La. 397, 65 So.2d 890; United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588.
 

 For the reasons assigned, the writs are made peremptory and the conviction and sentence are annulled and set aside and the defendants are hereby discharged.