McCALEB, Justice.
 

 Appellant was charged, tried and convicted of simple' kidnapping and sentenced to serve two years at hard labor in the State Penitentiary. During the proceedings, he reserved 10 bills of exceptions and he has appealed, relying on nine
 
 [1]
 
 of these bills for a reversal of his conviction.
 

 Bill No. 2 was taken to the overruling of a
 
 motion to
 
 quash the indictment. This motion alleges that the indictment does not sufficiently apprise appellant of the charge against him in that it fails to set forth with legal certainty the identity of the crime so as to enable appellant to prepare his defense and, therefore, is violative of Article 1, Section 10 of the Constitution.
 

 We find no merit in the motion to quash. The indictment, which is couched in the language of the statute, charges that appellant “did with force and arms commit the crime of Simple Kidnapping as defined by R.S. 14:45 in that he intentionally and forcibly seized and. carried Bernardine George from one place to another without the consent of the said Bernardine George, }{C íjí íjí
 

 Simple kidnapping, as defined by R.S. 14:45, may be committed in three separate and distinct ways. One of the ways in which the crime may be committed is by the intentional and forcible seizing and carrying away of any person from one place to another without his consent. According to the allegations of the indictment, that is exactly what appellant did to Bernardine George.
 

 
 *1061
 
 Under Article 227 of the Code of Criminal Procedure, R.S. 15:227, it is required that the indictment must state every fact and circumstance necessary to constitute the offense “but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying the meaning of the statute, be used”.
 

 Counsel for appellant argue that appellant is entitled to be advised by the indictment of the place from which or to which the prosecuting witness was transported, the means by which she was transported and the 'type of force used in seizing and carrying her away.
 

 There is no substance in this contention. Since the statute itself adequately describes the act or acts constituting the offense, it was not essential that the method used in perpetrating the crime be detailed. See State v. Ward, 208 La. 56, 22 So.2d 740 and the many authorities there cited.
 

 The cases of State v. Hebert, 205 La. 110, 17 So.2d 3; State v. Varnado, 208 La. 319, 23 So.2d 106; State v. Pettifield, 210 La. 609, 27 So.2d 424; State v. Blanchard, 226 La. 1082, 78 So.2d 181 and State v. Straughan, 229 La. 1036, 87 So.2d 523, relied on by counsel for appellant are not apposite as, here, we find that the statute expresses, without uncertainty or ambiguity, the acts constituting the offense, and therefore, a charge couched in the language thereof is sufficient.
 

 Bill of Exceptions No. 3 was reserved ' to certain statements made by the judge in the presence of the jury which appellant claims were comments on the facts of the case and an expression of an opinion as to the acts that had been proven. Bernardine George testified that, while she was visiting the home of Priscilla Davis (another Negro girl) in Clinton, appellant grabbed her, dragged her to his car and drove away with her to a secluded spot on a country road known as “Gurley Road” where he parked the car; that he then “asked me why I didn’t want to go” and that she replied “Because you have a wife”; that he then remarked that “that doesn’t make any difference” and asked her “do you want to go to Sunday School tomorrow?” to which she said “Yes” whereupon he stated “Well, you are goin’ with two black eyes”. At this point, defense counsel objected to the testimony on the ground that the conversation took place after the offense was completed. In overruling the objection, the court stated:
 

 “It seems to me like its definitely all part of res gestae, all together. She got in the car, he forced her in the car and forced her to drive off with him”.
 

 Counsel immediately excepted to the judge’s comments on the evidence and the judge replied “I will instruct the jurors to disregard anything that I have said regarding
 
 *1063
 
 the testimony”. Counsel thén moved for a mistrial and the court ruled as follows:
 

 “To which request, the Court at this time overrules the request for a mistrial because the Court considered the- — in saying that it was part of the res gestae, merely commented that it was force, merely commented on what she had said, that she was forced into the car, forced to leave. The Court does not consider it a prejudicial statement to the jury not to the cause of the defense in this case”.
 

 Defense counsel reserved a bill to this ruling and immediately thereafter the judge instructed the jury that he was without right to comment on the evidence and that he would later charge them that they were the sole judges of the law and the evidence in the case.
 

 There cannot be any doubt that the remarks of the judge constituted a comment on the facts of the case. Since this is contrary to our express law (Article 384 of the Code of Criminal Procedure, R.S. 15:— 384) and the jurisprudence of this Court, appellant was entitled to a mistrial if the remarks themselves are viewed as being so prejudicial to his substantial rights that the error could not be cured by the instruction of the judge for the jury to disregard his comments.
 

 In the recent case of State v. Nicolosi, 228 La. 65, 81 So.2d 771, we had occasion to review the jurisprudence respecting comments by the trial judge on evidence and the instances in which such comments constitute reversible error. After considering two lines of cases, in which different results were reached, and giving due regard to Article 557 of the Code of Criminal Procedure, R.S. 15:557, (providing that no new trial shall be granted on appeal unless it appears that the error committed is prejudicial to the substantial rights of the accused or constitutes a substantial violation of a constitutional or statutory right), we concluded that each case must be determined “under its own special state of facts”.
 

 In the case at bar, we are convinced that the judge erred in not granting a mistrial for we think that his remarks were of such a nature that their effect on the jury could not be entirely eliminated by his instruction that they be disregarded. The statement that “ * * * he forced her into the car and forced her to drive off with him” plainly indicated to the jury that the judge might entertain the opinion that appellant had been proved guilty of simple kidnapping. If an inference can be drawn from the objectionable statement that it is an expression or implication of an opinion as to the guilt of the accused, the error cannot be cured by an instruction to the jurors that the remarks be disregarded because the view of the judge on any important fact carries such weight with the jurymen that it is difficult to believe that
 
 *1065
 
 it could be erased from their minds. Compare State v. Dreher, 166 La. 924, 118 So. 85; State v. Childers, 196 La. 554, 199 So. 640 and State v. Iles, 201 La. 398, 9 So. 2d 601.
 

 Since a new trial must be granted, we find it unnecessary to consider the other bills of exceptions relied on by appellant.
 

 The conviction and sentence are set aside and the case is remanded for a new trial.
 

 FOURNET, C. J., absent.
 

 [1]
 

 . Bill No. 1 has been abandoned.