170 So.2d 386

**STATE of Louisiana**

v.

**Estherword BERTRAND.**

No. 47281.

Dec. 14, 1964.

Rehearing Denied Jan. 18, 1965.

Carmouche & Shelton, Emile A. Carmouche, Thomas Robert Shelton, Rayne, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Bernard N. Marcantel, Dist. Atty., Alfred R. Ryder, Asst. Dist. Atty., for appellee.

SANDERS, Justice.

This is a criminal prosecution. The defendant, Estherword Bertrand, was convicted of the simple kidnapping of Cheryl Lynn Ortego, a six-year-old girl. The court, in addition to a fine with default jail confinement, sentenced him to be confined

in the State Penitentiary for a period of two years. He has appealed, relying upon eight of the Bills of Exception reserved in the trial court and a Motion in Arrest of Judgment attacking the indictment.

LSA–R.S. 14:45 provides in part:

"Simple kidnapping is:

"(1) The intentional and forcible seizing and carrying of any person from one place to another without his consent; or

"(2) The intentional taking, enticing or decoying away, for an unlawful purpose, of any child not his own and under the age of fourteen years, without the consent of its parent or the person charged with its custody * * *".

The Bill of Indictment charges that Bertrand, on May 18, 1963,

"Did unlawfully and intentionally commit simple kidnapping by unlawfully, criminally and intentionally, with force, and arms, and for an unlawful purpose, seize one Cheryl Lynn Ortego, a female person not his own and being six years of age, at her home located at Route 1 Box 274, Elton, Louisiana, a place within Jefferson Davis Parish, State of Louisiana, and did forcibly carry and take away the said Cheryl Lynn Ortego, from her home, without

the consent of her parents who were charged with custody of said Cheryl Lynn Ortego."

The Motion in Arrest of Judgment alleges that the Bill of Indictment does not specify the "unlawful purpose," an essential element of the offense, states a conclusion of law, and fails to inform the defendant of the crime of which he stands charged. The motion further alleges that the indictment charges no offense known to the laws of Louisiana.

■ The defendant filed no motion to quash the indictment. He attacked the indictment for the first time after the verdict by Motion of Arrest of Judgment. Since the defendant complains of defects of substance, however, we are obliged to consider them.[1]

■■ A long-form indictment, as used here, "must state every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying the meaning of the statute, be used."[2] An examination of the language of the indictment discloses that it charges that the defendant intentionally and forcibly seized and carried the child from her home. The indictment, in our opinion, is sufficient.

1. See State v. Roth, 224 La. 439, 69 So. 2d 741 and State v. McDonald, 178 La. 612, 152 So. 308.

2. LSA–R.S. 15:227.

to charge a violation of Subsection (1) of LSA–R.S. 14:45. Under the statute, the distance traversed is immaterial. Nor is it necessary to specify the place to which the child was carried.[3] Having found that the indictment charges a crime, we regard the further objections of the defendant to the phrasing of the indictment as directed to merely formal defects, which, if they exist, provide no ground for arresting judgment.[4]

The Motion in Arrest of Judgment is without merit.

Defendant reserved Bills of Exception Nos. 11, 12, 13, 14, 15, 17 and 19 to rulings of the trial judge admitting into evidence a knife, handkerchief, and trousers, allegedly belonging to defendant, a folded piece of paper containing dirt found in the window through which the child was taken from her room, and a window screen allegedly removed by the defendant from the window.

No evidence is attached to these Bills of Exception. Hence, we are bound by the trial judge's Per Curiam, which is presumed to correctly state the facts.[5] He states:

"The State had proved through Deputy Sheriff O. J. Hebert that the exhibits were taken from the scene of the alleged crime and retained in his possession until they were delivered to Louisiana Crime Laboratory in Baton Rouge. In Baton Rouge these exhibits were delivered to a secretary at the Louisiana Crime Laboratory. This secretary was not called as a witness and it is on this basis that defendant contends the exhibits were improperly introduced.

"Mr. Ray Heard testified that he was head of the Crime Laboratory and he set forth the office procedure which he requires for the receipt of all exhibits to be examined by their laboratory. He testified that he recognized his secretary's handwriting and markings on the exhibits and that it is their procedure for the secretary to mark the exhibits on their receipt and immediately thereafter place them in the locked exhibit room. Mr. Heard testified that he personally took these exhibits from the locked exhibit room and personally performed all tests about which he was testifying. Mr. Heard testified that he personally brought the exhibits back to Jefferson Davis Parish with him on the day that he testified.

3. State v. Green, 231 La. 1058, 93 So.2d 657.
4. LSA–R.S. 15:518; State v. Viator, 246 La. 809, 167 So.2d 374; State v. Durbin, 235 La. 989, 106 So.2d 443; State v. Deon, 156 La. 919, 101 So. 266.

5. LSA–R.S. 15:504; State v. Guin, 212 La. 475, 32 So.2d 895; State v. Kaufman, 211 La. 517, 30 So.2d 337; State v. Burris, 204 La. 608, 16 So.2d 124.

"It is this Court's opinion that Mr. Heard as an expert and as the individual in charge of Louisiana Crime Laboratory was qualified to testify as to his office procedure, and that his testimony together with the office procedures as explained by him carried the burden carried by the State to prove that these exhibits have constantly been under the custody and control of Louisiana Crime Laboratory from the moment they were there deposited by Deputy Sheriff O. J. Hebert."

■■■■ The defendant complains of the failure to produce the secretary of the Louisiana Crime Laboratory to personally identify her handwriting on the exhibits. He asserts that this breaks the chain of possession required for the admission of the items in evidence. We do not agree with this argument. Mr. Ray Heard, Director of the Louisiana Crime Laboratory, testified that he recognized the secretary's handwriting and identified it. He also detailed the Crime Laboratory procedures in handling items to be used as evidence. We conclude that the evidence was sufficient to show that the objects were in the continuous possession of law enforcement authorities from the time they were taken until offered in evidence. Hence, they were properly admitted.[6]

Bill of Exception No. 26 attacks the argument made to the jury by the district attorney and the instructions of the trial judge concerning the failure of the state to call the child victim as a witness.

■■■■ Although the child was exhibited to the jury, the state elected not to place her on the witness stand. During his argument to the jury, the district attorney attempted to explain his failure to call her, to which the defense objected. The Bill of Exception recites:

"That the District Attorney, in his argument to the jury, in an attempt to explain or justify why said witness was not called to the witness stand to identify or accuse the defendant, the District Attorney explained, in substance, that said witness' testimony would not have been admissible because of her tender years, and that her testimony would not be reliable.

"WHEREUPON counsel for the defendant objected to said remarks find argument on the part of the District Attorney on the grounds that the competence of said witness would not depend upon her age but upon her understanding, and that such competence would be a matter to be determined by the Court.

6. See State v. Wilson, 240 La. 1087, 127 So.2d 158 and State v. Leming, 217 La. 257, 46 So. 2d 262.

"Counsel for the defendant requested of the Court to inform the jury that the competence of the witness would not depend upon her age but upon her understanding and that the Court so informed the jury but at said time also stated to the jury that very, very seldom was a child under the age of twelve permitted to testify. Counsel for the defendant objected to the statement and remark of the Court that 'very, very seldom was a child under the age of twelve permitted to testify' on the grounds that the same amounted to a comment on the evidence and/or lack of evidence, amounting to a confirmation by the District Judge on the weight of such evidence or lack of evidence as well as the competence of the said witness, and that said statement and remark of the Judge could have been construed by the jury in no other light that the Court would have ruled said witness incompetent had she been called to the witness stand to testify."

The trial judge states in his Per Curiam:

"This Court's charge to the Jury concerning the objection which is the basis for Bill No. 26 was as follows:

" 'Our laws with regard to the understanding of children is this, and we do have a special provision with regard to children under 12 years of age, in Revised Statute Title 15 Sec. 469. With regard to children under 12 our law is that *understanding*, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness.'

"If this Court was in error in stating that it was seldom that children under twelve years of age were allowed to testify, the above set forth charge to the jury corrected this error."

The trial judge correctly disposes of the defendant's objection. We are also of the view that if the statement was improper, the judge's clearly expressed charge to the jury avoided prejudice. Hence, the error, if any, does not warrant a reversal of the conviction.[7]

For the reasons assigned, the conviction and sentence are affirmed.

McCALEB, Justice (dissenting).

I think the indictment in this case is fatally defective and, therefore, the motion in arrest of judgment should have been sustained.

7. LSA–R.S. 15:557.

The crime of simple kidnapping, as defined by R.S. 14:45, may be committed in three different ways:[1]

"(1) The intentional and forcible seizing and carrying of any person from one place to another *without his consent*; or

"(2) The intentional taking, enticing or decoying away, *for an unlawful purpose,* of any child not his own and under the age of fourteen years, *without the consent of its parent* or the person charged with its custody; or

"(3) The intentional taking, enticing or decoying away, *without the consent of the proper authority,* of any person who has been lawfully committed to an orphan, insane, feeble-minded or other similar institution." (Italics mine.)

These provisions are specific and clear. They spell out three separate instances under which the crime of simple kidnapping is committed. Obviously, subsection (1) refers only to cases involving the kidnapping of a person of the age of fourteen years or over and the elements of this type of kidnapping are the intentional and for-

cible seizing and carrying away of any such person from one place to another "without his consent".

The second subsection deals purely with the kidnapping of a child under fourteen years of age for an unlawful purpose. The consent of the child in such instances is not material for, as the subsection itself provides, the crime is committed when the taking or enticing away of the child is "without the consent of its parent or the person charged with its custody;".

And, in like manner, the third subsection deals specifically with the intentional taking of persons committed to orphan asylums or institutions for the insane or feeble-minded "without the consent of the proper authority, * * *".

In view of the language of the statute, I cannot perceive how the indictment in the present case can, as the majority opinion holds, be construed to charge a violation under Subsection 1 of R.S. 14:45 since the indictment specifically alleges in the language of Subsection 2 of the statute, that the defendant intentionally committed simple kidnapping by seizing a six-year old child not his own, for an unlawful purpose, and forcibly carried and took her away

---

1. By Act 344 of 1962, R.S. 14:45 was amended to include a fourth way to commit simple kidnapping, i. e., "The intentional taking * * * and removing from the state, by any parent of his or her child, from the custody of any per- son to whom custody has been awarded by any court of competent jurisdiction in any state, without the consent of the legal custodian, with intent to defeat the jurisdiction of the said court over the custody of the child."

from her home without the consent of her parents.

Although the majority opinion seems to indicate otherwise, it is perfectly evident to me that the simple kidnapping of a child under fourteen years of age is not a violation of Subsection 1 of the statute but only of Subsection 2, because the statute is plain that kidnappings under Subsection 1 are confined to persons fourteen years or over, who are those the lawmaker evidently considers as being capable of withholding consent to their seizure and being carried away by another.

By placing the charge squarely under Subsection 2 of the statute, where it should be, it is manifest that the indictment does not inform the accused of the nature and cause of the accusation and, therefore, is violative of Section 9 of Article 1 of our Constitution. For it will not do to conclude, as the majority opinion holds, that the charge couched in the language of the statute is sufficient in this case. This is because Subsection 2 of R.S. 14:45 does not define all elements of the offense of simple kidnapping with the precision and certainty necessary to comply with the constitutional command that the accused in all criminal cases shall be informed of the nature and cause of the accusation.

One of the indispensable elements of the offense of simple kidnapping of a child less than fourteen years of age is that the intentional taking, enticing, or decoying away be "for an unlawful purpose". Accordingly, an indictment, which, by Article 227 of the Code of Criminal Procedure (R.S. 15:227) " * * * must state every fact and circumstance necessary to constitute the offense * * * ", does not satisfy constitutional or statutory requirements by simply charging in the language of the statute that the accused carried away the child for an unlawful purpose, as the phrase "for an unlawful purpose" is a general and indefinite term which does not inform the accused of the specific facts on which the charge is based. See State v. Hebert, 205 La. 110, 17 So.2d 3; State v. Varnado, (on rehearing) 208 La. 319, 368, 23 So.2d 106; State v. Truby, 211 La. 178, 29 So.2d 758 and State v. Blanchard, 226 La. 1082, 78 So.2d 181. Cf. State v. Scheuring, 226 La. 660, 76 So.2d 921; State v. Kershaw, 234 La. 579, 100 So.2d 873 and State v. Odom, 247 La. 62, 169 So.2d 909.

I respectfully dissent.

Rehearing denied.

FOURNET, C. J., and McCALEB, J., are of the opinion that a rehearing should be granted.