SANDERS, Chief Justice.
The State charged Phillip Wayne Le-moine with the intentional distribution of heroin in violation of LSA-R.S. 40:966 (A). He was tried and found guilty. The trial judge sentenced the defendant to imprisonment for life. He appeals his conviction and sentence relying on one assignment of error.
Defendant assigns as error the State’s failure to lay a proper foundation for the introduction of the heroin, that is, the failure to adequately establish the continuous chain of custody of the controlled dangerous substance. He argues that the court erred in admitting into evidence, over his objection, the marked envelope into which the police officers put the evidence (State’s Exhibit No. 2), the envelope containing the tin foil packets of heroin (State’s Exhibit No. 3) and the laboratory report identifying the heroin (State’s Exhibit No. 4).
Based on the testimony at trial, the facts surrounding the State’s chain of custody of the heroin are:
Baton Rouge City Police Officer Clyde Evans, an undercover agent, purchased five “papers” of heroin from the defendant. Officer Evans immediately took the heroin to the Narcotics Division of the Baton Rouge Police Department and gave it to his immediate supervisor, Officer Charles Spillers. The evidence, consisting of five packets of heroin in an envelope, *912 was marked for identification. Officers Spillers and Evans put the evidence into a larger brown envelope marked file number “5272.” The evidence was kept from that date, February 6, 1974, to February 12, 1974, in a locked file cabinet in the Narcotics Division office.
On February 12, 1974, Officer Spillers took the evidence to the Louisiana State Police Crime Laboratory, where he gave it to Paul Cobb, supervisor of the laboratory. Once received, the evidence was placed in a crime laboratory envelope, given an identification number, and placed in a locked evidence bin. Irving Johnson, Jr., a Louisiana State Police analyst, removed the evidence from the bin for testing. He then returned the evidence to the locked bin, where it was kept until he removed it to bring it to court for trial.
In State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), we held:
“To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence.”
"The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient. State v. Coleman, 254 La. 264, 223 So.2d 402; State v. Martin, 250 La. 705, 198 So.2d 897; State v. Bertrand, 247 La. 232, 170 So.2d 386.”
See also State v. Gladden, 260 La. 735, 257 So.2d 388 (1972); State v. McQueen, 257 La. 684, 243 So.2d 798 (1971); State v. Pesson, 256 La. 201, 235 So.2d 568 (1970).
Here, the record is adequate to establish a chain of custody by a preponderance of the evidence. Moreover, Officer Spillers made a visual identification of the contraband during his testimony.[1] Hence, the evidence was properly admitted.
The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, the connexity of demonstrative evidence is a factual question for the jury. See State v. Dotson, supra; State v. Gladden, supra.
For the reasons assigned, the conviction and sentence are affirmed.

. DISTRICT ATTORNEY’S QUESTION: “Now officer . . . does that appear to be the same material that you placed in the envelope?”
WITNESS'S REPLY: “Yes, sir.” (Tr. 81)