SANDERS, Chief Justice.
The State charged Booker T. Demery by bill of information with the attempted second degree murder of Johnny Stewart on July 7, 1974, in violation of LSA-R.S. 14:27, 30.1. After trial, the defendant was found guilty. The court sentenced him to imprisonment for ten years in the custody of the Louisiana Department of Corrections. He appeals his conviction and sentence, relying on five assignments of error; Assignment of Error No. 5 has been abandoned.
On July 6, 1974, at approximately four o’clock in' the afternoon, Booker T. De-mery and L. S. Stevens fought at the Club Forest Lounge in Shreveport, Louisiana. The proprietor of the establishment, Johnny Stewart, ordered both men to leave. Demery departed but returned later that night, armed with a pistol. A gunfight ensued between Demery and Stewart, both were wounded. The State charged De-mery with attempted second degree murder of Stewart.
ASSIGNMENTS OF ERROR NOS. 1, 2, AND 3
Defendant contends that the court erred in allowing the introduction of photographs depicting the scene of the crime, the area in which a .38 caliber pistol was found, and a close-up of the .38 caliber Smith and Wesson pistol and cartridges. He assigns the introduction of the photographs as Assignment of Error No. 1. In Assignment of Error No. 2, defendant contends that the court erred in allowing the introduction of the pistol into evidence without proof of ownership. He assigns the admission of a spent .38 caliber cartridge and bullet into evidence as Assignment of Error No. 3.
Three Shreveport police officers testified that they were at the scene immediately after the crime was committed. Lieutenant McEachern identified the photographs and testified as to the condition of the scene as shown in the photographs. He pointed out where he found the spent .38 caliber bullet and related that the blood in the photographs was present at the scene. He also identified the .38 caliber Smith and Wesson, some spent rounds, and the live rounds which he removed from the gun, and a spent bullet which he found on the floor. The spent slug and the cartridges from the gun had been tagged for identification and were identified on that basis.
Officer Hendrick and Officer Barrish corroborated the testimony of Officer McEachern as to the authenticity of the scene as depicted in the phoographs and that the exhibits or physical evidence were actually taken from the scene.
The legal principles applicable to the introduction of demonstrative evidence are *420 set forth in State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), as follows:
“To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence.
“The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient. State v. Coleman, 254 La. 264, 223 So.2d 402; State v. Martin, 250 La. 705, 198 So.2d 897; State v. Bertrand, 247 La. 232, 170 So.2d 386.
“The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the jury. State v. Wright, 254 La. 521, 225 So.2d 201; State v. Whitfield, 253 La. 679, 219 So.2d 493; State v. Progue, 243 La. 337, 144 So.2d 352; 2 Wharton’s Criminal Evidence (12th Ed.), § 673, p. 617.”
Under these principles, the foundation as to each of the items was adequate for.admission.
Assignments of Error Nos. 1, 2, and 3 are without merit.
ASSIGNMENT OF ERROR NO. 4
Defendant assigns as error the court’s allowing Stevens to testify that he had had a confrontation with the defendant in that club earlier that day. He contends that the witness’s testimony is irrelevant and highly prejudicial. However, the defendant is precluded from raising this contention in this Court as he withdrew his objection. When later asked by the court if he still wished the court to admonish the jury relative to Stevens’ testimony, defense counsel replied, “No, sir.” (Tr. p. 60, lines 16 through 18).
Assignment of Error No. 4 is, therefore, without merit.
ASSIGNMENT OF ERROR NO. 6
Defendant bases Assignment of Error No. 6 on the trial court’s failure to instruct the jury to ignore a remark made by the District Attorney in his closing statement. The District Attorney commented that the defendant was a “gunslinger.” Defendant argues that the remark is a violation of Article 774 of the Louisiana Code of Criminal Procedure, which provides that arguments shall be confined to evidence admitted at trial and that the argument shall not appeal to prejudice.
Although the District Attorney's closing argument is not in the record, we note that defendant, himself, testified that he always carried a gun and that he had taken a shot at Stevens earlier in the day. The evidence, therefore, justifies the inference made by the District Attorney.
Assignment of Error No. 6 is, therefore, without merit.
For the reasons assigned, the conviction and sentence are affirmed.