351 So.2d 1188 (1977)
STATE of Louisiana
v.
Osby BRYANT, Jr.
No. 59785.
Supreme Court of Louisiana.
November 14, 1977.
*1189 Joe Cordill, Jr., Love, Rigby, Dehan & Love, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Albert S. Lutz, Jr., Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
A grand jury indicted Osby Bryant, Jr., for the first degree murder of Michael Mooneyham, a violation of LSA-R.S. 14:30. The State later amended the indictment to charge second degree murder, a violation of LSA-R.S. 14:30.1. The trial jury returned a guilty verdict. The court sentenced defendant to life imprisonment without the benefit of probation, parole, or suspension of sentence for twenty years. He appeals his conviction and sentence, relying upon six assignments of error.
The context facts are that:
According to a pre-arranged plan, two women lured victim, Michael Mooneyham, into an abandoned building where defendant and another male lay in wait. Once the victim was inside, the two men armed with a gun robbed the victim of his wallet, watch, money bag, and keys. Thereafter, defendant shot and killed Mooneyham. The four conspirators fled the scene, leaving the victim's wallet, thought to be empty, in the room where the shooting occurred and discarding the victim's keys and money bag soon after leaving the abandoned building. The four then decided to "leave town" to avoid detection and stole a car from a parking lot to effect their escape. En route, they sold the victim's watch for $10 to purchase gasoline. The Texas Highway Patrol, noticing the car parked on the wrong side of the highway, ran a computer check on the car. The officer, learning that the car had been stolen, arrested the four. After waiving extradition, the four returned to Louisiana where one of the women guided the police to the victim's body.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
In Assignments of Error Nos. 1 and 2, defendant complains of the introduction of the victim's money bag and keys into evidence. He contends that because the victim's wife could not positively identify the items as belonging to her husband, they were improperly admitted into evidence.
In State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), this Court stated:
"To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence.
"The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient. State v. Coleman, 254 La. 264, 223 So.2d 402; State v. Martin, 250 La. 705, 198 So.2d 897; State v. Bertrand, 247 La. 232, 170 So.2d 386.
"The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the jury. State v. Wright, 254 La. 521, 225 So.2d 201; State v. Whitfield, 253 La. 679, 219 So.2d 493; State v. Progue, 243 La. 337, 144 So.2d 352; 2 Wharton's Criminal Evidence (12th ed.), § 673, p. 617."
Willie Marie Washington, an accomplice, testified that within moments after the robbery, defendant threw the victim's keys away. She testified further that another accomplice, Billy George Payton, threw the victim's bank bag in that general area after *1190 leaving the building. Captain James Hood testified that guided by Ms. Washington, the police located the victim's body in a vacant building and found the victim's keys and the green money bag nearby. The victim's wife, after examining the evidence, testified that her husband carried a similar money bag and that she recognized one of the keys in the set introduced as their apartment key. When asked if the set of keys belonged to her husband, she stated that they were his.
Under the principles announced, we are convinced that the State's evidence sufficiently identified the keys and money bag for their admission in evidence. Ultimately, the question of connexity was a matter for the jury.

ASSIGNMENT OF ERROR NO. 3
Here defendant complains of the introduction of a photograph depicting the scene of the robbery and murder. The defense argues that the probative value of the photograph is outweighed by its prejudicial effect.
The photograph depicts the scene of the crime. It basically illustrates the neglected nature of the abandoned building, corroborating the testimony of defendant's accomplices and the officer who found the victim's body. A very small portion of the photograph, the lower left corner, includes the victim's leg. There is no wound or blood which might incite prejudice.
To be admissible, a photograph's probative value must outweigh any possible prejudicial effect upon the jury, and it must be relevant to a material issue at trial. State v. Redwine, La., 337 So.2d 1041 (1976); State v. Cooper, La., 334 So.2d 211 (1976); State v. Smith, La., 327 So.2d 355 (1975).
We conclude that the photograph is relevant and that its highly probative value outweighs any possible prejudice. Therefore, the trial court properly admitted the photograph into evidence.

ASSIGNMENT OF ERROR NO. 4
In this assignment, defendant complains that at this murder trial, the court erroneously admitted evidence of another crime, defendant's theft of an automobile. The defense argues that the evidence of his theft of the vehicle was only slightly relevant, if relevant at all. He argues that any relevance, however, was greatly outweighed by its prejudicial effect.
Recently, in State v. Davies, La., 350 So.2d 586 (1977), we stated:
"Evidence of flight, concealment, and attempt to avoid apprehension is relevant. It indicates consciousness of guilt and, therefore, is one of the circumstances from which the jury may infer guilt. This rule applies notwithstanding that the evidence may disclose another crime. State v. Brown, La., 322 So.2d 211 (1975); State v. Graves, La., 301 So.2d 864 (1974); State v. Nelson, 261 La. 153, 259 So.2d 46 (1972). See also State v. Lane, La., 292 So.2d 711 (1974); State v. Johnson, 249 La. 950, 192 So.2d 135 (1966); State v. Goins, 232 La. 238, 94 So.2d 244 (1957); 29 Am.Jur.2d, Evidence, §§ 280 et seq., pp. 329 et seq. A court may admit a wide range of evidence to prove flight, concealment, and attempt to avoid apprehension. State v. Nelson, supra."
As previously noted, after the robbery and murder, the defendant and his accomplices fled the scene. They stole an automobile from a parking lot to effect their escape. A Texas Highway Patrol officer, noticing the car parked on the side of the highway, ran a computer check on the vehicle. Learning that it was a stolen car, he arrested the defendant and his three cohorts.
We conclude that the evidence regarding defendant's theft of the car is admissible.

ASSIGNMENT OF ERROR NO. 5
This assignment of error concerns the use of the word "murder" by Police Officer Jimmy Jeter when testifying as a State witness concerning the finding of the body. *1191 The exact question by the Assistant District Attorney and the answer of Officer Jeter was as follows: (Tr. 310)
"Q. Now, you had some other information. Did you then make any telephone calls?
"A. Yes, sir, I called Trooper Messick in Sierra Blanca, Texas. I advised him that we had a murder and that the weapon"
Defense Counsel objected to the use of the word "murder" as prejudicial, but the trial judge overruled the objection.
Assuming that the characterization of the homicide by the officer was objectionable, we conclude that it does not constitute reversible error. First, it was not responsive to the State's question. See State v. Jones, La., 332 So.2d 466 (1976). Second, in the light of the entire record, it did not prejudice the substantial rights of the defendant. LSA-C.Cr.P. Art. 921.
We conclude that the assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 6
In this assignment, defendant complains that the trial court erred in admitting a gun, a bullet, and three spent cartridges into evidence over his objection that the State failed to prove his ownership of the items or his positive relationship to the items. Thus, he argues that the State did not lay the proper foundation for the introduction of these exhibits.
The evidence discloses that:
During his inventory of the stolen vehicle, Texas Highway Patrol Officer Larry Meadors found a pistol. He noted the serial number and placed identifying marks on it. Another Texas police officer, Randall Messick, testified that the defendant admitted the gun belonged to him. During the autopsy of the victim, Captain Huddleston saw a bullet removed from the body and took possession of it and later transferred it to the Northwest Crime Lab. An expert witness, Raymond Cooper, after conducting ballistic tests, testified that the bullet was fired from the pistol found by Officer Meadors in the stolen car in which defendant was traveling. That expert also testified that the three spent cartridges found at the scene by Captain Singleton were fired from that gun.
Moreover, defendant himself testified that, although he did not own the gun, he was in possession of the gun just prior to and after the victim was shot.
As we have stated, it is only necessary that the State show that it is more probable than not that the evidence is related to the case for its admission into evidence. Thereafter, connexity becomes a question for the jury. State v. Hunter, La., 343 So.2d 143 (1977); State v. Henderson, La., 337 So.2d 204 (1976); State v. Lisenby, La., 306 So.2d 692 (1975); State v. Roquemore, La., 292 So.2d 204 (1974).
Therefore, the trial court properly admitted the items into evidence.
For the reasons assigned, the conviction and sentence are affirmed.
TATE and DENNIS, JJ., concur, but with reservations as to the broad "flighty" language in the disposition of Assignment No. 4.