McCALEB, Justice.
Appellant, a Negro, was .prosecuted for the murder of Claude Bean, another Negro, whom he shot and killed on March 13, 1954. After the killing, appellant signed a statement in which he declared, among other things, that the deceased, who was a collector for a burial insurance company in which appellant’s wife had a policy, came to his home located two miles west of Greensburg, Louisiana; that, while- there, he made physical advances on his wife, finally jamming her behind a heater in the front room; that, at this point, appellant emerged from a back room with a single-barrel 20-gauge shotgun and told Bean to *417 clear out but the latter began tussling with appellant and that, during the affray, the gun went off, hitting Bean in the left shoulder.
The theory of the State, on the other hand, was that Bean was murdered and robbed by appellant; that, at the time of the shooting, Bean had in his possession a considerable sum of money he had collected in insurance premiums and that only 97‡ was found on his person after the shooting.
After a trial, appellant was found guilty as charged and sentenced to death. During the proceedings below, he reserved 29 bills of exceptions and, on this appeal, he is stressing all of the bills, contending tha! they exhibit prejudicial error entitling him to a new trial.
After scrutinizing the bills with care, we find that at least one of them presents a question which gives us serious concern. We therefore address our immediate attention to a consideration of this bill (Bill No. 22) which was reserved to the refusal of the trial judge to give to the jury the following special charge requested by defense counsel (Special Charge No. 1) :
“The term ‘admission’ is applied to those matters of fact which do not involve criminal intent; the term ‘confession’ is applied only to an admission of guilt, not to an acknowledgment of facts merely tending to establish guilt”.
Upon the presentation of this special charge in writing, the judge remarked to the jury:
“Charge No. 1, the Court is not going to give it as written in the request but it is going to charge you that the terms ‘Admission’ and ‘Confession’ have been used interchangeably insofar as the admission of the facts are concerned, depending on the facts admitted, in other words, the admission or the confession whichever you call it, is to be governed by the facts set out in it as to whether or not it was an admission of a fact or the admission of the commission of a crime”.
We think the judge erred in refusing the requested charge. Article 390 of the Code of Criminal Procedure (R.S. 15:390) provides in part, that “the judge must give every such requested charge that is wholly correct and wholly pertinent, unless the matter contained in such charge have been already given, or unless such charge require qualification, limitation or explanation.”
It is clear that the charge requested by appellant was wholly correct, as it was couched in the language of Article 449 of the Code of Criminal Procedure (R.S. 15 :449), which sets forth the definition of a confession and an admission. And it cannot be doubted that it was wholly pertinent to the issues in the case.
*419 The prosecution, after laying the proper foundation, had introduced in evidence the typewritten, signed statement given by appellant to the sheriff on March 17, 1954, to which we have adverted above, and in which appellant set forth his version of the shooting. The district attorney, in his opening statement to the jury, had referred to appellant’s statement as a “confession” on four occasions and the sheriff, in his testimony, had also spoken of it as a “confession”.[1] Hence, since appellant was contending that the statement was an exculpating admission and not an acknowledgment of guilt, it was vital to him that the jury not be misled to believe that it was a confession as it had been thus termed by the district attorney and the State witness. Under the circumstances, appellant was en-: titled to have the jury instructed as to the difference between an admission and a confession.
Accordingly, since the' requested charge was wholly correct and wholly pertinent, the judge had no alternative, but to deliver it unless it had already been given or unless it required qualification, limitation or explanation. An examination of the general charge given by the judge exhibits that he merely instructed the jury that confessions, admissions and statements should be considered by it in connection with all other facts of the case and be given the weight as in its judgment they deserve. He makes no mention of the legal meaning of a confession or of the difference between a confession and an admission.
And, although it appears from the remarks of the judge to the jury (above quoted) that he was of the - opinion' that the requested charge required qualification, limitation or explanation, we do not think that he was justified in thus appraising it for the charge, as heretofore stated, .is in the language of the statute defining admissions and confessions. Indeed, it strikes us that the instructions given by the judge in substitution of the requested charge do not inform the jury of the difference between a confession and an admission, which is what appellant requested, but instead intimate that the two terms are synonymous.
In State v. Burris, 204 La. 608, 16 So.2d 124, 126, the accused reserved a bill of exceptions to that portion of the charge of the judge which stated the law governing admissions and confessions, contending that *421 there was no evidence to show that he had tnade a confession. Upon finding that certain admissions and exculpatory statements had been offered in evidence, we upheld the ruling of the judge, stating:
“Whether or not a statement made by a defendant is a confession or admission or an exculpatory statement depends entirely on the -nature of the statement. In order that the jury might clearly understand the nature of the statement made by the defendant, it is not only proper for the trial judge to instruct the jury on the law governing admissions, confessions and exculpatory statements, hut it would appear to us that it would be the better practice to do so in order that the jury might ascertain its nature and the effect to be given it.”
So we say here that it was incumbent on the judge to give the requested charge and that his failure to do so constituted reversible error.
In view of our finding on Bill No. 22, it is unnecessary to. consider the other bills of exceptions as the matters complained of in those bills are not likely to recur at another trial.
The conviction and sentence are reversed and appellant'is granted a new trial.

. When the sheriff stated that appellant had “confessed that he drug him from under the house”, defense counsel requested the trial judge to instruct the jury to disregard the remark. The judge refused to comply with this request and, instead, told- the jury to take the sheriff’s statement “in the light of all the other testimony and weigh it accordingly, whether it is an admission or a confession”. This alleged error is made the subject of Bill of Exceptions No. 16.