292 So.2d 222 (1974)
STATE of Louisiana
v.
Roy Ralph SELLERS.
No. 54164.
Supreme Court of Louisiana.
March 25, 1974.
*223 Murphy W. Bell, Director, Warren J. Hebert, Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant, Roy Ralph Sellers, was convicted after jury trial of aggravated rape in violation of R.S. 14:42 on November 14, 1961. He was sentenced to life imprisonment. On September 12, 1973, defendant was granted an out of time appeal by Judge Donovan W. Parker of the Nineteenth Judicial District Court. In this appeal defendant relies on nine bills of exceptions. (Sixteen bills were reserved and perfected, but Bills Nos. 8, 10, 11, 12, 13, 14 and 15 were not briefed or argued and are deemed abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
BILL OF EXCEPTIONS NO. 1
This bill was reserved to the overruling of a defense objection to the introduction of a statement made by the defendant. The objection was based on the alleged failure of the State to establish the corpus delicti of the crime prior to the introduction of the defendant's inculpatory statement. Defendant relies on dicta in State v. Brown, 236 La. 562, 108 So.2d 233 (1959) to support his bill. Prior to the introduction of the statement, the State had produced two witnesses, the deputy coroner, who examined the victim to determine if she had been raped, and her landlady, who heard her cry for help and called the police. This is sufficient to establish that a rape had taken place. It is sufficient predicate or proof of the corpus delicti to permit the offering of a confession or an admission. A confession will not support a guilty verdict without independent corroborating evidence of the fact that a crime was committed. State v. Brown, supra. Corroboration was presented in some detail to substantiate the admission of this defendant.
This bill is without merit.
BILL OF EXCEPTIONS NO. 2
This bill was reserved to the trial court's overruling an objection to the introduction of a statement by the defendant. The objection was based on the court's refusal to characterize the statement to the jury as an admission rather than a confession, and to instruct the State not to refer to the statement as a confession before the jury. The statement admits that the defendant *224 had intercourse with the victim, but maintains it was consensual.
At the time of the ruling, reference to the statement as a confession was out of the presence of the jury. The only other reference to the statement as a confession was in the district attorney's opening statement where he said:
"* * * the State will introduce in evidence the testimony of the victim herself, * * * and the free and voluntary statements, admissions and confessions of the accused, both written and verbal, in which he acknowledges the act of sexual intercourse of the complaining witness."
Former R.S. 15:449 provided:
The term `admission' is applied to those matters of fact which do not involve criminal intent; the term `confession' is applied only to an admission of guilt, not to an acknowledgment of facts merely tending to establish guilt."
The refusal of the trial judge to characterize the statement was correct. In State v. Leonard, 230 La. 414, 88 So.2d 804 (1956) the character of the defendant's statement was treated as a jury question. Reversible error was committed in that case when the court refused to instruct the jury as to the law regarding the distinction between a confession and an admission. In the instant case, the trial judge gave such an instruction.
The bill of exceptions is without merit.
BILLS OF EXCEPTIONS NOS. 3, 4 AND 5
These bills were reserved to the admission into evidence of certain statements by the defendant, both written and oral, on the grounds that the statements were not free and voluntary.
The defendant was arrested at approximately 11:15 P.M. on July 30, 1961. At around 12:30 to 1:00 A.M. he was delivered into the custody of a team of detectives for interrogation. He was questioned for the remainder of the morning save for a pause of about one hour (the record is not really clear on this point), when he was given an opportunity to sleep. Some time prior to 9:45 A.M. the defendant gave an oral statement to Captain Font. A written statement was taken thereafter by two other officers at about 9:45 A.M. Shortly after the statement was reduced to writing, the defendant was taken into a room where members of the press and news media observed and photographed the signing of the statement.
Defendant alleges that he was beaten and gave the written statement only because of the beatings. He also urges that he made the statements without counsel present. The police all testified that defendant was not beaten, that force, coercion, threats and promises were not used. Defendant admits that Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) are not applicable. Additionally, there is nothing in the record to indicate that defendant asked for counsel, or that he asked that the interrogation cease.
Defendant argues that former Code of Criminal Procedure Article 451 is determinative of this case:
"Before what purposes [purports] to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises."
Considering defendant's argument under Bill No. 2, former Code of Criminal Procedure Article 454 is also applicable:
"The rule that a confession produced by threat or promise is inadmissible in evidence does not apply to admissions not involving the existence of a criminal intent." *225 Notwithstanding both arguments, the statement appears to have been properly admitted.
The record supports the trial court's ruling that the statement was free and voluntary, and not the result of beatings or coercion. A trial court's factual determination that a confession is free and voluntary is given great weight and will not be disturbed on appeal unless clearly erroneous. State v. Simpson, 247 La. 883, 175 So.2d 255 (1965) cert. denied 384 U.S. 1014, 86 S.Ct. 1945, 16 L.Ed.2d 1035 (1966); State v. Refuge, 270 So.2d 842 (La.1972); State v. Forman, 271 So.2d 523 (La.1973).
The defendant also objects to portions of the statement which were supplied to him by the police. The objected to sections are the introductory and conclusory paragraphs. The record indicates the defendant read such paragraphs and they were explained to him.
These bills are without merit.
BILL OF EXCEPTIONS NO. 6
Bill No. 6 was reserved to the trial court's refusal to determine the nature of the testimony of one Vernon Owens prior to its submission to the jury on the grounds that once improper testimony is admitted, no instruction from the court can repair the damage done.
The witness subsequently testified that, while patrolling at Baton Rouge General Hospital, he apprehended the defendant outside the nurses' quarters on July 30, 1961, and turned him over to the police. This arrest led to the prosecution at bar. The district attorney in arguing the defendant's objection, noted that he wanted to correct the defendant's statement that he was arrested by a police officer (Owens was a private security guard).
The trial judge is not required to remove the jury and determine the contents of a witness' testimony in advance. It is incumbent on defense counsel to make timely objections to attempts to elicit inadmissible evidence. The evidence here was relevant and properly admitted.
BILL OF EXCEPTIONS NO. 7
This bill was reserved to the court's allowing the State to question Vernon Owens concerning alleged conduct by the defendant subsequent to the date of the purported crime on the grounds that such testimony was inadmissible, irrelevant and should have been excluded. The testimony concerned the circumstances surrounding the arrest of the defendant for the crime charged.
The testimony in question did not constitute evidence of another crime, nor did it violate any other evidentiary rule. The evidence was properly admitted to corroborate the defendant's statement.
BILL OF EXCEPTIONS NO. 9
This bill was taken when the court allowed a witness for the State to refresh his memory as to the date on which he arrested the defendant by referring to a report. The basis of the objection was that the report was not made by the witness.
Former R.S. 15:375 provided:
"A witness may be allowed to refresh his memory by reference to his testimony given on the preliminary examination, or at a coroner's inquest, or on a previous trial, or, for the purpose of refreshing his present memory a witness may examine memoranda, and it is immaterial by whom or when the memoranda was made, provided, that, after such inspection, the witness can testify to the fact."
After examining the report, the witness testified as to the date of the arrest without reliance on the report, thus complying with the requirements of the code article.
BILL OF EXCEPTIONS NO. 16
This bill was reserved to portions of the State's closing argument. Objection was made to reference by the State to the evidence which was the subject of Bills Nos. 6 and 7.
We have already found that the admission of this evidence was proper.
*226 The prosecution may properly comment on and summarize the evidence in arguing facts. State v. Daniels, 262 La. 475, 263 So.2d 859 (1972).
SPECIAL SPECIFICATION OF ERROR
Defendant alleges that this specification of error is before us because it deals with the facts and circumstances of the signing of his statement before the press and news media, and that this error is contained within the transcript attached to and made a part of Bill of Exceptions No. 4. Defendant alleges he was gravely prejudiced by this demonstration, and urges that it is governed by the rule of State v. Rideau, 242 La. 431, 137 So.2d 283 (1962), reversed 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963). Though we deplore this type demonstration, unlike Rideau, there is no showing in the record that defendant was prejudiced by the publicity. Defendant did not ask for a change of venue. He did not challenge any jurors on voir dire. There is absolutely nothing in the record to substantiate his claim of prejudice.
For the reasons assigned, the conviction and sentence are affirmed.
SANDERS, C. J., concurs in the decree.