YELVERTON, Judge.
Defendant, Carlton P. Monta, 18, was convicted by a jury of indecent behavior with a juvenile, LSA-R.S. 14:81. The victim was three years old. Defendant was babysitting with the victim and her baby brother. The mother of the children had gone shopping, and when she returned, after a one and a half hour absence, the little girl was on the bed crying. She told her mother that the defendant had played with her, giving further details on further questioning which revealed that defendant had removed some of her clothes and assaulted her.
Later that same day, April 2, 1983, defendant made a voluntary statement to Detective Denise Hughes of the Lake Charles Police Department. In this statement, he confessed to sexually assaulting the child.
After conviction the trial court gave defendant a suspended three year sentence of imprisonment and placed him on supervised probation for five years, subject to the special conditions that he serve one year in the parish jail, and upon release, that he get mental health treatment.
Defendant appeals the conviction, arguing three assignments of error. For reasons which we will hereinafter explain, we find no merit to any assignment of error, and we affirm.
ASSIGNMENT OF ERROR NO. 1
By this assignment the defendant complains that the trial court erred in admitting his statement into evidence when the corpus delicti of the crime had not been established. At the trial the predicate for the defendant’s statement was the testimony of the victim’s mother, who told the jury what her three year old child had told her. The defendant points out that a medical examination revealed no injury and argues that the mother’s testimony, being hearsay, was under the circumstances insufficient to establish the corpus delicti, with the result that the defendant’s statement was inadmissible. We disagree.
The requirement of proof of the corpus delicti is explained in State v. Willie, 410 So.2d 1019 (La.1982). In that case, the court reaffirmed the well settled principle that an accused cannot be legally convicted on his own uncorroborated confession without proof that a crime has been committed by someone. The court explained that the corpus delicti must be proven by evidence which the jury may reasonably accept as establishing the fact beyond a reasonable doubt.
The requirements of a corpus delicti vary from case to case. In State v. Willie, supra, the court found that a partly decomposed body along with a driver’s license and other physical evidence was sufficient to establish the corpus delicti in a first-degree murder case. In another case, State v. Sellers, 292 So.2d 222 (La.1974), an aggravated rape, testimonial evidence from a doctor who examined the victim and the testimony of a witness who heard a cry for help were sufficient to establish the corpus delicti.
The criminal activity in the present case, indecent behavior with a juvenile, is defined by La.R.S. 14:81 which states in pertinent part:
“A. Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious *385 act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child’s age shall not be a defense.”
The crime of indecent behavior with a juvenile does not require that there be any physical injury to the body of the victim. La.R.S. 14:81. As a result, the corpus delicti can be established for the crime without any medical testimony or other evidence of physical injury.
A grandmother was permitted to testify, in State v. Noble, 342 So.2d 170, 173 (La.1977), as to what her four year old grandchild told her concerning the nature of the crime and the offender, the court said:
“We are satisfied that the report related by Tyra’s grandmother constituted the original complaint of the victim and that it was made at the first reasonable opportunity under the particular facts and circumstances of this case. Accordingly, the trial judge did not err in allowing the child’s grandmother to relate Tyra’s statements concerning the nature of the crime and the identity of the offender.”
In the present case, the three year old girl victim was lying on her bed still crying when her mother returned, and the incident had happened only minutes before she told her mother that the defendant had removed her clothing and assaulted her. She told her mother that the defendant had laid on top of her and touched her with his finger. The statement was made under the immediate pressure of the occurrence, before the young girl had a chance to reflect on it. Because of that, it was also admissible as part of the res gestae. La.R.S. 15:447; R.S. 15:448, State v. Noble, supra.
There were no other witnesses besides the defendant and the three year old victim. The incident occurred inside an apartment. The testimony of the mother as to what the child told her immediately following the assault was sufficient evidence to establish the corpus delicti for the crime of indecent behavior with a juvenile, thereby permitting the offering of the confession.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
This assignment contends that the trial court erred when it failed to allow certain portions of the preliminary examination testimony of the victim’s grandmother to be read to the jury.
The defendant asserts, as the basis for the admission of this testimony, that the grandmother was unavailable as a witness during the trial.
LSA-C.Cr.P. art. 295, which deals with the admissibility of transcripts in other proceedings, provides:
“A. The transcript of the testimony of a defendant who testified at the preliminary examination is admissible against him upon the trial of the case or, if relevant, in any subsequent judicial proceeding.
“B. The transcript of testimony of any other witness who testified at the preliminary examination is admissible for any purpose in any subsequent proceeding in the case, on behalf of either party, if the court finds that the witness is dead, too ill to testify, cannot be found, or is otherwise unavailable for testimony, and that the absence of the witness was not procured by the party offering the testimony.
“C. The transcript of testimony given by a person at a preliminary examination may be used by any party in a subsequent judicial proceeding for the purpose of impeaching or contradicting the testimony of such person as a witness.”
The unavailability of a witness as a condition precedent to admitting his former testimony was a subject examined in State v. Egena, 369 So.2d 1295 (La.1979). In that case, the court found that permanent physical disability and failure of faculties due to disease or senility rendered the witness too *386 ill to testify, justifying permission for her preliminary examination testimony to be read at the trial. The court stressed that the party attempting to introduce the evidence must make a proper showing that a good faith effort was made to obtain the presence of the witness at the trial, giving the following examples: the witness had died, State v. Ford, 336 So.2d 817 (La.1976), the witness has escaped from jail, State v. Owens, 338 So.2d 645 (La.1976), the witness has asserted his Fifth Amendment privilege, State v. Dotch, 298 So.2d 742 (La.1974), and the witness has gone to sea, State v. Green, 296 So.2d 290 (La.1974).
In the present case, the defendant did not make a proper showing that he tried to obtain the presence of the absent witness. Although stating that the witness was hospitalized locally, the defendant did not even know which hospital the witness was in, or from what illness she suffered. Defendant did not make a proper showing that the witness was too ill to testify or otherwise unavailable for testimony. As a result, her preliminary examination testimony was properly found to be inadmissible. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
The last assignment contends that the jury’s verdict was based upon insufficient evidence. Specifically, defendant argues that the only evidence was the statement of the minor child as related to the jury by her mother, together with defendant’s confession. Defendant argues that this evidence, when considered in the light of the medical testimony that the child had no injuries, was insufficient to satisfy our standard of review. The standard of review as to the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt proof of each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Trahan, 425 So.2d 1222 (La.1983).
As we earlier discussed, the statement by the three year old victim was made to her mother immediately after the event. In addition to this statement, there was a voluntary statement given by the defendant in which he admitted putting his hands in the child’s pants, lying on top of her and sexually assaulting her.
Although defendant assigned as error the failure of the trial court to suppress his confession, he did not argue this assignment, and we are authorized to consider this unbriefed assignment as having been abandoned, State v. Dewey, 408 So.2d 1255 (La.1982). However, we have examined the evidence presented at the motion to suppress. The statement was given to Detective Denise Hughes of the Lake Charles Police Department on April 2, 1983. Before the defendant made this statement, Detective Hughes read him his Miranda rights. The defendant then signed a form waiving his rights. This waiver was sufficient to make the confession admissible into evidence. State v. Dewey, supra. Detective Hughes then testified that after the defendant waived his rights, he orally dictated the statement to her and that she did not add or subtract any words. The defendant then read the statement and signed it. The state satisfied its burden of affirmatively proving that the confession was freely and voluntarily made after the defendant had been advised of his Miranda rights.
Viewing this evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the defendant committed a lewd sexual assault upon the person of the three year old girl named in the bill of information, and that he was therefore guilty of the crime of indecent behavior with a juvenile.
This assignment of error is without merit.
For the above reasons, the conviction of the defendant is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs in the result.